Halamka, Respondent, vs. Schneider and another, Appellants.

*December 4, 1928—January 8, 1929.*

For the appellants there was a brief by *Schoetz, Williams & Gandrey,* and oral argument by *Eugene L. McIntyre,* all of Milwaukee.

For the respondent the cause was submitted on the brief of *Michael Levin,* attorney, and *Joseph B. Scheier,* of counsel, both of Milwaukee.

STEVENS, J. (1) The complaint alleges and the proof tends to establish several separate grounds of negligence on the part of the defendant which were all submitted to the jury by the single question: "Was the defendant guilty of negligence in operating his automobile as he approached and collided with the plaintiff?"

The record contains no request by either party that the case be submitted upon a special verdict. In the absence of such a request the court was at liberty to submit the case upon a special verdict, or upon a general verdict, or upon the verdict which was used. Sec. 270.27 of the Statutes. Had either of the parties requested that a special verdict be so framed as to require a finding on each of the separate grounds of negligence, a different question would have been presented.

(2) Defendants contend that the plaintiff was guilty of negligence as a matter of law. Plaintiff testified that she did not leave the sidewalk until she had a clear vision in the direction from which defendant's automobile was coming; that she saw this automobile approaching a good half block away and that she thought she had time to cross and con-

tinued to look to the right and to the left as she crossed the street; that she saw the defendant's automobile twice after she left the sidewalk and that it was north of the opposite crosswalk, and that each time she saw the defendant's automobile she concluded that the automobile was far enough away so that she could safely cross the street; that after she last saw the defendant's automobile she took about two steps before she was struck. This proof presented an issue of fact for the jury on the question of plaintiff's negligence. The fact that her testimony on adverse examination was not in accord with that given upon the trial was a matter for the jury to consider in determining the weight that should be given to her testimony.

(3) The court inadvertently instructed the jury that the burden of establishing contributory negligence was upon the plaintiff. While this was an erroneous instruction, it was one that could not have prejudiced the rights of the defendant.

(4) The court instructed the jury that it was the duty of the defendant "to keep his machine under such control as would be adequate to prevent probable injury under the circumstances then and there existing, in so far as they are known, or ought, in the exercise of ordinary care, to be known, or to be anticipated by him." Standing alone this instruction seems to impose upon the driver of an automobile the absolute duty to have his machine under such control as would be adequate to prevent injury to a pedestrian arising out of any situation which was known or which ought to have been known to the defendant. But this sentence is taken out of a paragraph of the instructions which correctly states the obligation of an automobile driver to exercise ordinary care to keep his machine under such control that he will not injure others. The sentence quoted above was for the purpose of illustrating the rule that the question of what is ordinary care depends upon the circumstances existing

at the time and the dangers which are incident to the operation of the automobile at the place of the accident.

When the sentence quoted above is read in connection with its context and with the instruction which is repeated again and again that it was defendant's duty to exercise ordinary care, we cannot believe that the rights of the defendants were prejudiced by this sentence in the instruction or that the jury were led to apply an erroneous standard, especially in view of the fact that defendant's negligence is so clearly established that the defendants do not contend that the finding that he was guilty of negligence is not sustained by the evidence.

(5) The jury assessed plaintiff's damages at $3,850. The trial court held that the amount was excessive and directed that a new trial be granted unless the plaintiff consent to a reduction of the damages to the sum of $3,000. The plaintiff consented to such reduction. Thereafter the defendant appealed. The plaintiff then, pursuant to sec. 274.12 of the Statutes, asked a review of the order of the trial court granting the new trial unless plaintiff consented to reduce the damages.

We are not required to determine whether the consent of the plaintiff to the reduction of the damages prevents her from now presenting the question whether the court erroneously held that the damages assessed by the jury were excessive, because we are satisfied that no error was committed by the trial court in this ruling.

Plaintiff suffered a compound fracture of the bones of one of her legs below the knee. She had two wounds upon the head. She suffered pain and was confined to her bed for some time and was then obliged to go about on crutches. There was a good union of the fractured bones. Her back and ankle still bothered her at the time of the trial. She was nervous and dizzy at times and had some difficulty in breathing. The trial court saw the plaintiff and observed her

physical condition and is in a much better position to determine the extent of the injuries sustained by her than is this court, which must pass upon the question entirely from the printed record.

(6) The members of the court participating in the decisions of this case are equally divided upon the question whether judgment was properly entered against the Inter-State Exchange. That judgment is therefore affirmed. *Barteck v. Rotter, ante,* p. 303, 222 N. W. 221.

*By the Court.*—Judgment affirmed.

ESCHWEILER, J., dissents.