HENRY, Appellant, vs. LA GROU and another, Respondents.

*October 11—November 5, 1929.*

For the appellant there was a brief by *Wilbershide, Baum-blatt & Weisman* of Racine, and oral argument by *L. P. Baumblatt.*

For the respondents there was a brief by *Simmons, Walker & Wratten* of Racine, and oral argument by *Mortimer E. Walker.*

FRITZ, J.   The only question presented on this appeal is whether there is any credible evidence to support the verdict which the jury returned.   Counsel recognize the well established proposition that when there is any credible evidence which, under any reasonable view, will admit of an inference either for or against the plaintiff, then the rule that the proper inference to be drawn therefrom is a question for the jury should be firmly adhered to.   However, defendant's counsel contend that, in this case, the plaintiff's testimony is contrary to certain physical facts and reasonable probabilities and hence is incredible, and that therefore the trial court was warranted in changing the jury's verdict, because of another rule, viz. that when the evidence is not susceptible of rea-

sonable conflicting inferences, a motion for nonsuit or direction of a verdict should be granted as a right of the moving party.

Upon reviewing the evidence we do not find any such conflict between the testimony of plaintiff and the probable physical facts and reasonable probabilities as to render his testimony incredible as a matter of law. Although there is considerable conflict in the evidence, the jury could reasonably infer from the testimony of plaintiff, and other evidence, that the collision occurred under the following significant circumstances, which warranted the jury's verdict:

At the intersection of Douglas avenue and Rapids drive, plaintiff, who had been driving northward on Douglas avenue, turned westward, at the rate of ten miles per hour, to cross defendant's south-bound street-car track. When he was about to drive on to that track, plaintiff observed that the approaching south-bound car was about 300 feet away, and he then believed that he could cross safely ahead of that car. While so crossing, he observed that because of street work and a barricade extending northward from the curb at the southwest corner of Rapids drive and Douglas avenue, and an automobile parked on the north side of Rapids drive, just west of Douglas avenue, there remained an opening of only sixteen feet for him to travel through in entering Rapids drive, and he also observed that another automobile was rapidly approaching from about a block west on Rapids drive. Confronted with these traffic conditions on Rapids drive, which he believed necessitated his slowing down, he stepped on his brake to "snub" his automobile, but killed the engine, and his automobile became stalled when its front wheels were three feet beyond the west rail and when the approaching street car was about 200 feet away. He tried, but could not start his engine. The street car continued approaching rapidly. He became panicky and was attempting

to escape from the automobile when the right side thereof was struck by the car, which, after shoving the automobile to the west of the track and fifteen feet south of Rapids drive, proceeded until the rear end of the car was about even with the southwest corner of Rapids drive. As the street car headed towards Rapids drive, it seemed to pick up speed and was going so very fast that it frightened a passenger. It rocked back and forth, and when it struck the automobile she thought it had jumped the track. Due to its speed, she was thrown from her seat, fell to the floor, and bumped up against the seat in front of her. After the collision, broken glass on the street extended northward from a point about fifteen feet north of where the rear end of the street car finally stopped.

Defendant's counsel concede that if plaintiff's automobile was stalled on the track when defendant's car was about 200 feet away, and there was an electric lamp at the intersection, there was no excuse for the motorman's failure to bring the car to a stop before the collision occurred. However, defendant's counsel contend that the accident did not happen while plaintiff's automobile was stalled on the track, but was due to the fact that plaintiff suddenly drove his automobile in front of the car. As to that crucial issue, defendant contends that plaintiff's testimony on the trial, and also when examined by defendant's counsel before trial, that his automobile became stalled on the track, was incredible not only because in conflict with the testimony of several disinterested witnesses, but particularly so because when plaintiff, while confined at his home eleven days after the accident, was questioned by defendant's investigator, he did not say anything at all about the automobile having become stalled. The omission to then state such an important fact, ordinarily might reflect seriously upon a plaintiff's credibility if he subsequently testified to the existence of such fact. However, in the case at bar that does not necessarily follow, because

in the accident plaintiff had sustained a skull fracture, and when he was being questioned by defendant's investigator plaintiff still had a temperature, was spitting blood, and was being given opiates, all of which may have affected his mind and recollection. On the other hand, even though plaintiff then omitted to state that essential fact, or other facts, or made other statements inconsistent or in conflict with his subsequent testimony under oath, the question of his credibility was nevertheless for the jury (*Dolphin v. Peacock M. Co.* 155 Wis. 439, 448, 144 N. W. 1112), and would have been so even if such omissions or former statements had been made during the course of an examination, under oath, in some judicial proceeding. *Sparling v. United States Sugar Co.* 136 Wis. 509, 117 N. W. 1055; *Halamka v. Schneider,* 197 Wis. 538, 222 N. W. 821.

For the reasons stated, the trial court erred in granting defendant's motion to change the jury's answers in the respects stated. Plaintiff is entitled to have those answers reinstated in the verdict, and judgment entered thereon in his favor.

*By the Court.*—Judgment reversed, and cause remanded with directions to reinstate jury's answers to the questions of the special verdict, and enter judgment on the verdict in favor of plaintiff.