POLA LUSTGARTEN, APPELLEE, V. FRANK HARRIS ET AL., APPELLANTS.

FILED MARCH 2, 1932.   No. 28146.

*Kennedy, Holland & De Lacy,* for appellants.

*Brome, Thomas & McGuire* and *John T. Marcell, contra.*

Heard before GOSS, C. J., ROSE, DEAN, EBERLY, DAY and PAINE, JJ.

DEAN, J.

Mrs. Pola Lustgarten began this action in the district court for Douglas county to recover damages for personal injuries sustained by her when she was struck by an automobile owned by the O'Brien Drug Company and at the time driven by Frank Harris, an employee of the company. Both the drug company and Harris are named as defendants herein. The jury returned a verdict for $5,000 for plaintiff and the defendants have appealed.

The plaintiff, who has driven an automobile for 18 years, parked her car on the south side of Farnam street between Thirty-eighth street and Thirty-eighth avenue. The accident in question here occurred in Omaha, April 4, 1930, at about 11:30 in the forenoon. The plaintiff testified that she left her car, intending to go directly across the street to a grocery store in the middle of the block on the north side of the street. She testified that she saw the defendant's car approaching when more than half a block away, and when she first started across the street, and no other cars were then approaching from the opposite direction. She looked a second time and the car was then only about a half block away. From her evidence it appears that the plaintiff concluded she had ample time in which to cross the street, but when she was only four or five steps from the sidewalk, and while she was crossing the second street car tracks, she was struck by the defendant's car.

Defendant Harris testified that he was going west on Farnam street at the time, and that he slowed down to permit an approaching truck to pass in front of him on Thirty-eighth street, and that he was driving in second gear and at not more than 15 or 16 miles an hour at the time. He also testified that when he first saw the plaintiff she was standing in the middle of the street and he thought she was waiting for him to proceed. From his testimony it appears that he slowed down several times, and that the plaintiff stopped, but that, finally, she started running directly in front of his car just as he stepped

on the accelerator. The plaintiff was struck by the bumper of the car and thrown not more than two feet before the car was stopped. On the cross-examination, it was developed that at no time was the car brought to a complete stop before the accident. The defendant testified that he was still 40 feet from the plaintiff when he sounded the horn the second time and, at that time, he was driving at the rate of only 8 miles an hour. And he testified that he was only 12 feet from the plaintiff when she stopped the second time.

One witness testified that a skid mark, 68 or 70 feet in length, was perceptible on the pavement after the accident, and that the mark was evidently made by the left rear wheel of the car. And another testified that he observed the plaintiff as she left her car and started across the street, but he did not see the car strike her as his vision was obstructed at the time by the wall of the store in which he was employed. He testified that his attention was called to the car as it moved swiftly by and that shortly thereafter he heard the squeaking of the car brakes. He also testified that a long skid mark was made on the pavement and that the car appeared to him to have been driven at about 35 miles an hour when he first noticed it and that at no time did he hear a horn sounded. Another witness testified that his attention was attracted to the defendant's car from the fact that it was being driven a "little bit faster" than the average car. To substantially the same effect is the evidence of another witness who heard the squeak of the tires on the pavement as the brakes were applied, but he heard no horn sounded. On this feature, however, evidence was introduced in behalf of the defendants tending to prove that the horn was sounded immediately before the accident, and that the car was being slowly driven at the time, but that the plaintiff apparently became confused.

In respect of the plaintiff's injuries, the physician who attended her immediately after the accident testified that she sustained a fractured rib, and that she was bleeding

from a wound in the back of her chest which was occasioned by a puncture of a lung, and that she was very weak and complained of pain in breathing. The plaintiff was confined in a hospital for two weeks and thereafter she was removed to her home where she remained in bed for some time. The physician testified that her lung expansion will be permanently limited and her breathing restricted, especially in case of undue excitement or exertion on her part. The fact appears to have been established that, owing to her injuries, the plaintiff has been in an unusual nervous condition and that she has lost considerable in weight. Another physician testified that the plaintiff had the symptoms of traumatic neurasthenia, or nervousness, induced by the accident. And on the part of the defendants the evidence of a physician was introduced. He examined the plaintiff at the request of the defendants and, in his opinion, the plaintiff's rib had healed, and she did not show signs of the lung injury, nor did he discover signs of nervousness in her.

We have examined several of the cases cited by the defendants in support of their theory of the accident, but we do not think the cases so cited are fairly applicable to the facts before us. In the cited cases the plaintiffs crossed the street in the middle of the block, but they did not look for approaching cars after leaving the sidewalk. In the present case, however, the evidence discloses that the plaintiff looked the second time when the defendant's car was then about a half block away. And, according to his evidence, the defendant observed the plaintiff when he was about 100 feet distant from her. So that the question of the negligence of the plaintiff, if any, as compared to that of the defendant was one for the jury. It has been held: "In an action for death of pedestrian struck by defendant's automobile while he was crossing street in middle of block, the evidence is held sufficient to present questions for jury as to whether defendant exercised ordinary care with respect to lookout and speed and control of his car." *Ford v. Werth*, 197 Wis. 211.

And it has also been held: "Testimony in action for personal injuries resulting to pedestrian when defendant's automobile struck her, *held* sufficient to present an issue of fact for jury on question of plaintiff's negligence by attempting to cross street after observing defendant's automobile approaching." *Halamka v. Schneider*, 222 N. W. 821 (197 Wis. 538).

It is to be noted that the evidence herein conflicts in respect of some of the material facts. But the jury evidently believed that the plaintiff was justified in concluding that she had ample time in which to cross the street when no other automobiles were in sight and the defendant's car was then more than a half block away. And it doubtless appeared to the jury that, if the defendant had exercised due and reasonable care in the control of his car, it could then have been stopped in time to avoid striking the plaintiff. We have held: "Where different minds may reasonably draw diverse conclusions from the same facts as to whether or not they establish negligence or contributory negligence, those issues must be submitted to the jury." *Perrine v. Union Stock Yards Co.*, 81 Neb. 790. See *Leon v. Chicago, B. & Q. R. Co.*, 102 Neb. 537; *Casey v. Ford Motor Co.*, 108 Neb. 352; *Luther v. Farmers Union Cooperative Ass'n*, 119 Neb. 676.

Error is assigned in the giving of certain instructions and in the court's refusal to give certain other instructions requested by the defendants. Upon an examination of the instructions given and those refused, however, we conclude that reversible error does not appear in the ruling of the court thereon. The instructions given by the court substantially and fairly cover the issues that are involved herein.

Complaint is also made that the verdict is excessive, but, in view of the evidence before us, we do not agree with counsel on this feature of the record.

We conclude that the judgment must be and it hereby is

AFFIRMED.