ATLAS INVESTMENT COMPANY, Appellant, vs. CHRIST and another, Respondents.

*February 12—March 10, 1942.*

116

For the appellant there was a brief by *Sanville & Cohn,* attorneys, and *Harold J. Sanville* of counsel, all of Milwaukee, and oral argument by *Harold J. Sanville.*

For the respondents there was a brief by *Brennan & Brennan* of Milwaukee, and oral argument by *Joseph K. Brennan.*

FAIRCHILD, J.   The purpose to be served by the summary-judgment statute so far as it relates to motions by plaintiff, is to prevent interposition of false or frivolous answers for the purposes of accomplishing a delay in the securing of a just judgment.   The statute is, however, drastic and is to be availed of only when it is apparent that there is no substantial issue to be tried.   *Prime Mfg. Co. v. A. F. Gallun & Sons Corp.* (1938) 229 Wis. 348, 349, 350, 281 N. W. 697.   It is not a substitute for a regular trial nor does it authorize trial of controlling issues on affidavits.

The answer in this case sets out several claimed defenses, among them that the note was void and illegal; that no dealings were had with plaintiff; and that defendants are not indebted to plaintiff.   While the answer is not as definite and certain as it might be, the question of whether the plaintiff was a holder in due course was considered; and although the issue is raised only in a limited way. it is present and this being on motion for summary judgment and not to make the pleadings more definite and certain, we treat it as though sufficiently pleaded.   *McLoughlin v. Malnar* (1941), 237 Wis. 492, 495, 297 N. W. 370.   There appears from the affidavits and testimony taken on adverse examination some evidence that appellant conducted the transactions leading up to the execution of the note through agents of the Blatz Brewing Company and that these agents and the respondents reached an agreement, which, if it existed to appellant's knowledge, sets up a defensive matter and takes appellant out of the class of holder in due course.   Secs. 116.18, 116.57, and 116.60, Stats.   These questions rest in circumstances over which a dispute exists

and because of this dispute the respondents are entitled to their day in court.

Under the facts as they appear upon this motion for summary judgment, the question as to whether the instrument was fraudulently put in circulation as to defendants is sufficiently raised, and when shown, the appellant has the burden of establishing that it is a holder in due course. Sec. 116.64, Stats. See *Kinney v. Kruse* (1871), 28 Wis. 183, 188; Brannan's Negotiable Instruments Law (6th ed. by Beutel, 1938), p. 717 *et. seq.*, § 59; note (1922), 18 A. L. R. 18; note (1925), 34 A. L. R. 300; note (1928), 57 A. L. R. 1083. This is the important issue. Because of the disclosures in the record furnishing grounds for an inference that appellant is not so disassociated with the original transaction out of which the note comes as to be capable of being a *bona fide* holder in due course, we agree with the decision in the circuit court.

*By the Court.*—Order affirmed.