Vandre, Appellant, vs. Trachte, Respondent.

*November 9—December 7, 1943.*

234

H. A. Schmidt of Lake Mills, for the appellant.

For the respondent there was a brief by Mistele & Smith of Jefferson, and oral argument by Lynn H. Smith.

FAIRCHILD, J.   In the "safe-place" statute, sec. 101.06, there is an exception for places where the work is "farm labor when the employer is the farmer operating the farm and the labor is such as is customarily performed as a part of farming." Sec. 101.01 (1) (b).   So under the facts of the case, the question becomes one of whether the growing of corn and preparing it for the most advantageous market without changing either its form or its nature is farm labor such as is customarily performed as a part of farming.

The circumstances to which appellant calls attention appear to be that the raising of hybrid seed corn is somewhat of a new development in Wisconsin. He emphasizes that of one hundred eighty-six thousand three hundred seventy-five farms in the state with a total acreage of twenty-two million eight hundred seventy-six thousand four hundred ninety-four acres, only four hundred four farms with twelve thousand two hundred forty-four acres are presently devoted to raising this corn for seed. If injured in the work of raising the crop and preparing it for use as seed is farm work, the appellant cannot make a case, for the statute would not then give him a cause of action against his employer.

At the time of the interpretation of the "safe-place" statute as it related to the use of farm machinery in the case of *Tiemann v. May*, 235 Wis. 100, 292 N. W. 612, in June, 1940, the exemption was more limited than it now is. It then excluded any place where persons were employed "in agricultural pursuits" which did not involve the use of mechanical power. Undoubtedly the necessity placed upon farmers of using many varieties of machines operated by mechanical power in ordinary farming by usual farm labor was recognized. For at the next session of the legislature in 1941 the statute was amended by striking out the words "agricultural pursuits" and adding clause (b) excluding from the operation of the statute "any place where persons are employed in . . . farm labor when the employer is the farmer operating the farm and the labor is such as is customarily performed as a part of farming." Ch. 273, Laws of 1941. This took out of the statute so far as farm labor is concerned the use of mechanical power. It also exempted the transportation of farm products to market. Preparing the ground, sowing the seed, cultivating, harvesting, and preparing for market, and delivery of the product to market, is such a series of closely related incidents or stages of progress toward a completed article as to consti-

tute a complete chain. Taking any link away would have a disastrous effect upon the whole. The words, read with their usual meaning, lead to the conclusion that respondent and appellant in this transaction were engaged in farming. From the planting, through the operation of preparing the corn for seed, there was no diverting it to an outside commercial enterprise, and respondent remains under the protection of the part of the statute providing for this exemption.

The contention that the word "customarily" in the statute referring to labor performed in farming is used to limit the exemption to the type of farming generally existing at any particular time would require the abandonment of expanding and prevent legitimate enlarging of the field of farming activities. In the legislative judgment so restricted a meaning is not necessary for the protection of those engaged in that field of endeavor. "Customarily" as here used more readily suggests qualifying the word "farming" to distinguish that occupation or business from certain specialized industries which have acquired inaccurately a designation as "farming" such as fox raising, rattlesnake cultivation, oyster raising, etc. *Cedarburg Fox Farms, Inc., v. Industrial Comm.* 241 Wis. 604, 6 N. W. (2d) 687.

Because the record shows respondent was engaged in farming and the appellant was engaged in customary farm operation the respondent was entitled under the exemption to a dismissal of the complaint.

*By the Court.*—Judgment affirmed.