Marco, Appellant, vs. Whiting, Respondent.

*January 20—February 15, 1944.*

For the appellant there were briefs by *Eugene S. Colburn* of Chicago, Illinois, attorney, and *Richard C. Laus* of Oshkosh, *John E. O'Brien* of Fond du Lac, and *Leslie L. Lyons* of Chicago, Illinois, of counsel, and oral argument by *Mr. Laus, Mr. O'Brien,* and *Mr. Lyons.*

For the respondent there were briefs by *Bouck, Hilton & Dempsey* of Oshkosh, and *Bendinger, Hayes & Kluwin* of Milwaukee, and oral argument by *Gerald F. Hayes.*

FAIRCHILD, J. The court below, on undisputed and indisputable facts, reached the opinion that appellant at the time she signed the releases was not under duress and that she acted as she did for other reasons and on sufficient consideration in accepting the settlement of the matter in dispute.

In this case the evidence placed before the circuit court on the motion for summary judgment was such that a verdict in plaintiff's favor based on it could not be permitted to stand. The evidence is such that no conceivable facts can exist to warrant further consideration of the matter. The summary judgment is recognized as a drastic procedure and one not to be availed of except when it is apparent that there is no substantial issue to be tried. However, when a thorough consideration is made of the uncontroverted facts brought forth and it appears that such facts if established on a trial would impel a direction of a verdict by the court, no issue exists and an entry of summary judgment is properly made. *Prime Mfg. Co. v. A. F. Gallun & Sons Corp.* 229 Wis. 348, 281 N. W. 697; *Petrie v. Roberts,* 242 Wis. 539, 8 N. W. (2d) 355.

Appellant has retained the benefits of the settlement including the advantage of the dismissal of an action which respondent had begun against her as well as the case begun by respondent's children. We note, without making any deter-

mination upon it since it is not discussed in the briefs, a serious question whether plaintiff has any standing to affirm the contract and to sue for damages occasioned by defendant's alleged duress. It is elementary that in cases of contract procured by fraud the defrauded party may disaffirm the contract and sue in equity for rescission and cancellation, or he may affirm the contract and sue in deceit for damages. The difficulty in duress is that there has been no clear recognition of duress as a tort. Mr. Williston in his work on Contracts (rev. ed.), vol. 5, p. 4546, sec. 1626, discussing the effect of duress upon a contract, states:

"Save in exceptional cases referred to in the previous section, duress renders the transaction voidable. It is not necessarily a tort in itself, as is fraudulent misrepresentation, but generally only gives to the party coerced a right to rescind the transaction whether executory or executed. . . ."

See, however, note, 39 Harvard Law Review, 108, for the view that the law should recognize a tort of duress.

*By the Court.*—Judgment affirmed.