HOLZSCHUH, Respondent, vs. WEBSTER and another, Trustees (MINNEAPOLIS, ST. PAUL & SAULT STE. MARIE RAILWAY COMPANY), Appellants.

*January 16—February 13, 1945.*

424

For the appellants there were briefs by *Sullivan & Lauritzen* of Milwaukee, and oral argument by *W. G. Sullivan*.

For the respondent there was a brief by *Genrich & Genrich,* attorneys, and *Herbert L. Terwilliger* of counsel, all of Wausau, and oral argument by *Mr. Terwilliger*.

FAIRCHILD, J.   If there is any issue of fact raised which entitles plaintiff to a jury determination, the motion for summary judgment was properly denied. *Prime Mfg. Co. v. A. F. Gallun & Sons Corp.* (1938) 229 Wis. 348, 281 N. W. 697; *Atlas Investment Co. v. Christ* (1942), 240 Wis. 114, 117, 2 N. W. (2d) 714.   The only contested issue of fact here presented is the speed of the defendants' train.   If the train was traveling at a rate of thirty-five miles an hour, and in view of the other undisputed facts, such speed was the proximate cause of the collision, plaintiff cannot be denied the right of a trial of the issue.

The facts as set forth do not bring the case into the class of those cases where the circumstances show conclusively that the plaintiff has no cause of action.   And this is so although the passenger expressed his opinion that the driver was trying "to beat the train."   If the train were going at the legal rate of twenty miles an hour and the driver of the car at a rate of thirty-five miles per hour; and if each saw the other at a point approximately one hundred fifty to two hundred feet from the point of collision, the driver would, as a matter of calculation, have been able to pass in front of the train and cross in safety. If he were prevented from so doing by the excessive speed of the train, such speed would be a proximate cause of the col-

lision and the comparative negligence of the parties should be weighed by the jury. In disposing of this question, the presumption in favor of the deceased's exercise of ordinary care, together with facts appearing on the trial, adduced through cross-examination, are to be considered. The motion was, therefore, properly denied.

*By the Court.*—Order affirmed.