Action commenced October 31, 1947, by Wisconsin Telephone Company, a Wisconsin corporation, plaintiff and respondent, against Central Contracting Company, a Wisconsin corporation, defendant and appellant, to recover for damages to its underground conduit and cable facilities resulting from the alleged negligence of the defendant. After issue was joined defendant obtained an order to show cause why it should not be granted a summary judgment, and on August 23, 1948, the court denied the application, from which order defendant appeals. *Page 481 
Among other allegations the plaintiff's complaint contained the following: That plaintiff is a public utility; that at all of the times mentioned in the complaint plaintiff lawfully owned, operated, and maintained as part of its telephone system underground conduit and cable facilities located within certain streets in the city of Eau Claire; that the underground conduit and cable facilities were placed within these streets pursuant to a permit from said city of Eau Claire; that on or about the 13th of November, 1946, the defendant was engaged in excavating work incident to laying a water main for the city of Eau Claire; that in doing said work it negligently damaged plaintiff's conduit and cable by breaking the same; that said damage was due solely to the negligence of the defendant and that as a proximate result of said acts of the defendant the plaintiff sustained damage for which it demanded judgment.
The defendant by its answer admitted the formal parts of complaint, denied that the defendant's work was performed negligently or carelessly so as to cause damage to the plaintiff as alleged, and stated that the plaintiff's damage, if any, was sustained by and as a result of its own negligent and careless installation and maintenance of its own conduit and cable.
The order to show cause was supported by three affidavits. The first affidavit, by one of defendant's attorneys, had the following statement of facts upon information and belief: That in 1940 plaintiff had received limited permission to bury a cable along Highland avenue in said city and that similar permission was given by the state highway commission of Wisconsin; that according to said permits the cable and conduit were to be buried twenty-six feet north of the center line of said street; that defendant does not know where in fact the plaintiff did lay its conduit and cable; that after laying said conduit and cable, and in accordance with usage and custom, to indicate the location thereof the plaintiff voluntarily installed concrete posts as markers, but had no marker west of the intersection of Highland *Page 482 
avenue and Keith street at the point where the conduit and cable were cut, and that the westerly marker was ninety-three feet east of the point of severance, thereby creating a hidden, secret, and undisclosed trap, in violation of the rights of other users of the highway; that during the year 1945, the city of Eau Claire, upon due public notice, enacted an ordinance further limiting and restricting plaintiff's permissive and conditional use of the street by ordering and authorizing the installation of sewer and water mains along Highland avenue; that such action of the city duly and properly taken was inconsistent with the use of plaintiff in the highway; that in the year 1946, pursuant to public notice, the city of Eau Claire prepared plans and specifications for the work, which were made public records; that the plans and specifications did not contain any reference to the location of plaintiff's conduit and cable; that the records in the city hall failed to disclose any communication from plaintiff requesting specific information or data pertaining to the proposed street improvement to enable plaintiff to take proper protective measures; that defendant exercised due care in performing its work under said plans and specifications, and that the circumstances absolve the defendant from liability to the plaintiff.
The second affidavit, by the assistant city engineer of Eau Claire, identified certain exhibits and recited that the plaintiff had established no markers upon Highland avenue west of Keith street to indicate the location of the underground cable, and that plaintiff had made no request of the city engineer's office that it be provided with specific data with respect to the installation of the sewer mains and water mains along Highland avenue.
The third affidavit was by an inspector for the engineering department of the city of Eau Claire, and recited that he observed the work of the defendant prior to and at the time the underground cable was cut and that the defendant's agents and servants in performing their work did the same in a workmanlike *Page 483 
manner and with a high degree of skill and prudence and carefully followed the specifications and plans prepared.
Counteraffidavits were filed by two employees of the plaintiff, which contained the following statements: That the defendant and its agents at all times had full opportunity to ascertain the location of the buried cable and that the same was a matter of record in the city hall at Eau Claire; that the installation of the markers was solely for the convenience of the plaintiff and they were not installed by reason of any law or duty imposed upon the plaintiff by usage or otherwise; that the plaintiff was under no obligation to inquire of the city as to proposed street improvements; that no records of such requests are kept in the city hall and the statements of the attorney for the defendant and of the assistant city engineer are disputed.
Upon this record the appellant argues that it had established undisputed facts under which the plaintiff could not possibly prove a cause of action and that its motion for a summary judgment should have been granted.
Summary judgments are authorized by sec. 270.635, Stats. This court has construed the section in many cases and has laid down certain rules as to its application. This court has held that the summary judgment is a drastic procedure and the power of courts should be exercised with care; it is not a substitute for a trial nor does it provide for a trial on affidavits. The court merely determines whether a judgment shall be entered upon the record as it stands at the time of the motion. The court does not try the issues but only decides whether there is an issue for trial. After giving the pleadings the benefit of reasonable and liberal construction, if *Page 484 
there is a genuine and substantial issue of fact, then the motion for summary judgment is properly denied. Holzinger v.Prudential Ins. Co. 222 Wis. 456, 269 N.W. 306;McLoughlin v. Malnar, 237 Wis. 492,297 N.W. 370; Atlas Investment Co. v. Christ,240 Wis. 114, 2 N.W.2d 714; Marco v. Whiting,244 Wis. 621, 12 N.W.2d 926;Holzschuh v. Webster, 246 Wis. 423,17 N.W.2d 553.
From the record it is apparent that there is a substantial issue of fact to be tried.
By the Court. — Order affirmed.