Wisconsin Telephone Company, Respondent, vs.
Central Contracting Company, Appellant.

*March 9—April 12, 1949.*

482

*Malcolm Riley* of Eau Claire, for the appellant.

For the respondent there was a brief by *Darrell O. Hibbard,* and oral argument by *Mr. Hibbard* and *Mr. G. Donald Barnes,* both of Eau Claire.

BROADFOOT, J. Summary judgments are authorized by sec. 270.635, Stats. This court has construed the section in many cases and has laid down certain rules as to its application. This court has held that the summary judgment is a drastic procedure and the power of courts should be exercised with care; it is not a substitute for a trial nor does it provide for a trial on affidavits. The court merely determines whether a judgment shall be entered upon the record as it stands at the time of the motion. The court does not try the issues but only decides whether there is an issue for trial. After giving the pleadings the benefit of reasonable and liberal construction, if

there is a genuine and substantial issue of fact, then the motion for summary judgment is properly denied. *Holzinger v. Prudential Ins. Co.* 222 Wis. 456, 269 N. W. 306; *McLoughlin v. Malnar,* 237 Wis. 492, 297 N. W. 370; *Atlas Investment Co. v. Christ,* 240 Wis. 114, 2 N. W. (2d) 714; *Marco v. Whiting,* 244 Wis. 621, 12 N. W. (2d) 926; *Holzschuh v. Webster,* 246 Wis. 423, 17 N. W. (2d) 553.

From the record it is apparent that there is a substantial issue of fact to be tried.

*By the Court.*—Order affirmed.