WELCH, Appellant, vs. CORRIGAN, Respondent.*

*May 4—June 7, 1949.*

---

\* Motion for rehearing denied, without costs, on September 13, 1949.

*Edward S. Grodin* of Milwaukee, for the appellant.

For the respondent there was a brief by *William F. Schanen* of Port Washington, and *Thomas M. Corrigan* and *Walter D. Corrigan, Sr., in pro. per.,* both of Milwaukee, and oral argument by *Mr. Walter D. Corrigan, Sr.,* and *Mr. Schanen.*

MARTIN, J.   It is conceded that there is no cause of action under the so-called "safe-place" statute.   However, farmers are not relieved from the duties imposed upon them by the common law.

Plaintiff alleges that the revolving shaft was a square shaft with unnoticeable projections therefrom so as to be likely to engage clothing that might come in contact therewith, and that the shaft and the projections therefrom were entirely unguarded.   Defendant has asserted that if these projections were unnoticeable to plaintiff, who put the attachment from the tractor to the spraying machine and handled the shaft in doing so, worked on and operated the machine, was off and on it, and right over it hundreds of times per day for several days, then there was no reason for the projections to be noticeable to defendant who never actually operated the machine.

Defendant has emphasized that plaintiff had had experience in the operation of tractors and all kinds of farm machinery and that plaintiff, or anyone even with the remote experience of defendant, should at once observe the danger of stepping upon any part of the moving connection between the tractor and the spraying machine.

The pleadings and affidavits put in issue the question of whether defendant advised plaintiff that there was a guard for the machine in question and whether defendant instructed plaintiff in its use. Defendant states in his affidavit for sum-

Defendant's Exhibit No. 1

mary judgment that he supplied a guard and instructed plaintiff in its use. Plaintiff denies that defendant supplied a guard and gave instructions as to any safety precautions.

Defendant's Exhibit 1 is a picture showing the tractor connected with sprayer without the guard in place, and defendant's Exhibit 3 is a picture showing the tractor with guard. From a detailed examination of these exhibits, reproduced herewith, it is noted that the guard extends for a considerable distance to the rear of the tractor floor offering protection from the knuckle and a portion of the tumble bar. The guard would protect, if in place, one mounting the tractor stepping from the drawbar to the platform of the tractor. The trial court in its opinion states "plaintiff left the tractor and to get back on he stepped on the revolving rod" and a few lines later, quoting

from plaintiff's testimony at an industrial commission hearing, he "stepped on the drawbar." Exhibits 1 and 3 show the drawbar below the revolving rod and it is not to be confused with the revolving bar or tumble bar. Nowhere do we find

Defendant's Exhibit No. 3

any statement that plaintiff stepped any place but on the drawbar.

The failure of the defendant to warn plaintiff, as is alleged by plaintiff and denied by defendant, is a question for a jury. See *Hoeverman v. Feldman* (1936), 220 Wis. 557, 265 N. W. 580, and cases therein cited. It is stated (p. 560) :

" 'One must take ordinary care toward others, of course, but one must also take care not to do any act or omit any precaution when from the circumstances it would reasonably appear to an ordinarily intelligent and prudent person that such act or omission might probably cause an injury to somebody.' *Hamus v. Weber,* 199 Wis. 320, 325, 226 N. W. 392.

"Negligence is defined in Restatement, Torts, sec. 282, as 'any conduct, except conduct recklessly disregardful of an in-

terest of others, which falls below the standard established by law for the protection of others against unreasonable risk of harm.' Sec. 298: 'The care which the actor is required to exercise to avoid being negligent in the doing of the act is that which he, as a reasonable man, should recognize as necessary to prevent the act from creating an unreasonable risk of harm to another.' "

The question of negligence in failing to instruct and to warn that there was a guard and it should be attached to the tractor floor when the tractor was used to pull the sprayer tank, is a jury question. The defendant had the guard constructed for that purpose. It follows that in the exercise of ordinary care the defendant owed plaintiff a duty to advise him of the guard and its use.

It was stated in *Miller v. Paine Lumber Co.* (1929), 202 Wis. 77, 82–84, 227 N. W. 933, 230 N. W. 702:

"We hold that the duty to warn of dangers incident to the employment is not a duty imposed upon the employer by virtue of the so-called safe-place statute.

"However, that duty exists independent of any statute, and the failure to perform such duty has long been recognized as a ground of the employer's liability to an injured employee. It is a common-law duty and it has been in no respect modified by the legislation we are considering. . . .

"The trial court took the view, and it is so contended by the respondent, that no duty to warn rested upon the defendant, because the danger of doors falling from the truck was as open and obvious to the plaintiff as to the defendant, and that the experience of the defendant furnished no reasonable ground for it to anticipate that an injury such as plaintiff sustained would result from such an occurrence. Though the plaintiff was a farmer and never worked at employment similar to that in which he was engaged at the time of the accident, nevertheless it must be assumed that he was cognizant of natural physical laws. He must be held to have known that if the top door of the truck became engaged with a door protruding from an adjoining truck load, it would be brushed from the top of his load and that by force of gravity it would

fall; that it would be brushed to the back of the load where he was working, and that in such event it was quite likely to fall upon him. These things he certainly knew and the consequences he must have foreseen if he paused to consider. But he was not warned of any such danger. He had worked there ten days, during which time he had moved from eight hundred to one thousand truck loads without anything of the kind happening. Neither his experience nor warnings from the defendant had encouraged a cautious or watchful disposition on his part. Now it affirmatively appears that such incidents do not frequently happen in the factory. . . .

"We are led to the conclusion that whether there was a danger incident to plaintiff's employment, known to the defendant, but not so open and obvious to the plaintiff as relieved the defendant from warning him of its existence, was a jury question."

The parties are in direct conflict on many matters. The case presents facts to be tried by a jury.

Summary judgments are authorized by sec. 270.635, Stats. This court has construed the section in many cases and has laid down certain rules as to its application. It was stated in *Wisconsin Telephone Co. v. Central Contracting Co.* (1949), 254 Wis. 480, 483, 37 N. W. (2d) 24:

"After giving the pleadings the benefit of reasonable and liberal construction, if there is a genuine and substantial issue of fact, then the motion for summary judgment is properly denied." (Cases cited.)

From the record it is apparent that there may be a substantial issue of fact to be tried.

*By the Court.*—The judgment of the circuit court is reversed and the record remanded with directions for further proceedings according to law.

FAIRCHILD, J. (*dissenting*). If it appears that after all the evidence is in the court will have to direct a verdict, a motion for summary judgment should be granted. *Marco v. Whiting* (1944), 244 Wis. 621, 12 N. W. (2d) 926, and cases cited

therein. Even if the jury should find, as the majority opinion indicates they might, that the defendant was negligent in not putting the guard on the machine, there can be no question that plaintiff assumed the risk of his employment.

Prosser, Torts (1941 ed.), p. 376, sec. 51, states that:

"When the plaintiff enters voluntarily into a relation or situation involving obvious danger, he may be taken to assume the risk, and to relieve the defendant of responsibility. Such implied assumption of risk ordinarily requires knowledge and appreciation of the risk, and a voluntary choice to encounter it." See also Restatement, 2 Torts, p. 1230, sec. 466.

The facts show that plaintiff had used the tractor and sprayer before his injury. The revolving shaft on which he was injured was in plain view. The situation was open and fully apparent to plaintiff. He was well acquainted with machinery and should have realized the danger of getting too near it. Where the possibilities of injury were as obvious as here appears to be the case, I do not see how it can justly be said that assumption of risk does not control. See *Vandre v. Trachte* (1943), 244 Wis. 233, 12 N. W. (2d) 48, which explains the enlargement of the exception of farm labor from the safe-place statute so far as concerning the use of mechanical power and makes effective the doctrine of assumption of risk.

The following memorandum was filed September 13, 1949:

MARTIN, J. (*on motion for rehearing*). This case is remanded for a trial *de novo*. No issue is foreclosed by the decision of the circuit court or by the decision of this court.