JANKOVICH, Respondent, vs. ARENS and another, Appellants.

*September 16—October 7, 1952.*

For the appellants there was a brief by *Bassuener, Humke, Poole & Axel* of Sheboygan, and oral argument by *Paul L. Axel*.

For the respondent there was a brief by *Gruhle, Fessler & Wilkus* of Sheboygan, and oral argument by *Jacob A. Fessler*.

MARTIN, J.   Two questions are presented by appellants: Whether credible evidence supports the jury's finding (1) that respondent was in the crosswalk when struck by Arens' car, and (2) that appellant Arens was ninety per cent and respondent ten per cent negligent.

We have carefully reviewed the record and conclude that there is sufficient credible evidence to sustain the finding that respondent was in the crosswalk and that thus appellant was negligent in failing to yield the right of way to the pedestrian.

The evidence was conflicting and it was for the jury to decide which testimony it would believe.

Respondent left his place of employment at 8:30 p. m. and proceeded home on the bus. He alighted from the bus on the northwest corner of the intersection in question, his home being located on the east side of South Eighth street about one hundred ten feet north of the intersection. On an adverse examination of the respondent taken at the hospital about six months after the accident, he testified that he left the bus at the rear door and started to cross the street directly from the point where he alighted. On the trial he stated that he did not know which door he got out, but that he did walk south after leaving the bus and proceeded across the street on the crosswalk; that Mrs. Wilma Gedig, a neighbor whom he knew and who had left the bus at the same time, was about three or four feet behind him as he crossed the street. He did not see Arens' car until it struck him.

In *Henry v. La Grou* (1929), 200 Wis. 110, 227 N. W. 246, where plaintiff did not mention in an earlier statement that his automobile had become stalled on the streetcar tracks immediately before it was struck by the streetcar, and subsequently testified to such fact upon the trial, the court said (p. 115):

". . . even though plaintiff then omitted to state that essential fact, or other facts, or made other statements inconsistent or in conflict with his subsequent testimony under oath, the question of his credibility was nevertheless for the jury (*Dolphin v. Peacock M. Co.* 155 Wis. 439, 448, 144 N. W. 1112), and would have been so even if such omissions or former statements had been made during the

course of an examination, under oath, in some judicial proceeding. *Sparling v. United States Sugar Co.* 136 Wis. 509, 117 N. W. 1055; *Halamka v. Schneider,* 197 Wis. 538, 222 N. W. 821."

Mrs. Gedig testified that she saw respondent seated on the bus directly behind the driver; that he got out the front door and she left by the rear door. They stood together on the sidewalk and talked until the bus left the corner; then they started to cross the street, respondent walking beside her, both of them within the crosswalk. As she neared the center line of the street she noticed a car coming from the south and decided to wait for it to pass.

"I looked toward the north again, then looked toward the south to see where the car was; by that time it was almost in front of me and . . . I looked where Frank was and the same time he was hit."

When respondent was struck he was about an arm's length ahead of her, a foot or so east of the center line.

On cross-examination Mrs. Gedig stated that when she first noticed the car coming from the south it appeared to be about half a block away. Respondent was then right beside her. She did not know whether he stopped then or not, but when he was struck he was an arm's length in front of her.

Appellant contends that Mrs. Gedig's testimony is impossible. Apparently neither the jury nor the trial court thought it impossible, and they had the benefit of seeing, hearing, and observing her on the stand, as they did all of of the witnesses.

Another witness, Mrs. Dorothy Scheele, who had also left the bus at that corner, testified that while she and the others waited for the bus to leave, Mrs. Gedig and the respondent were talking together on the corner.

Appellant's witness, nineteen-year-old Marvin Price, testified that at the time of the accident he was driving an auto-

mobile south on South Eighth street about one block north of the intersection involved. He testified that he saw the bus stop at Alabama avenue; that respondent came from behind the bus and was crossing South Eighth street in a northeasterly direction when he was struck by the Arens car; that respondent was not in the crosswalk; that he, Price, could judge where the crosswalk was by the position of the bus. He estimated that respondent was fifteen to twenty feet north of the crosswalk when he was struck and that after the accident he lay twenty to twenty-five feet north of the crosswalk.

Other witnesses were heard, but the testimony outlined above is sufficient to show the conflict which it was the jury's duty to resolve.

Under these circumstances the question of appellant's negligence in failing to yield the right of way to respondent was for the jury; and in our opinion there was ample credible evidence to support the finding of appellant's negligence in that respect. So far as the record shows, Mrs. Gedig's testimony was clear and entirely believable. The jury had the right to disregard the testimony of the witness Price whose observation had been made from a moving car three hundred fifty to four hundred feet away from the accident. It may also be that the jury considered his testimony incredible as to respondent's position on the street, coming, as he said, from behind the north end of the bus, walking in a northeasterly direction and yet being struck only fifteen to twenty feet north of the crosswalk.

On the second question, the apportionment of the negligence of the parties, appellant contends that both were equally negligent with respect to lookout; that if respondent's negligence amounted to ten per cent, appellant's negligence as to lookout should not be greater than ten per cent; and that the balance of eighty per cent thus attributable to failure to yield the right of way indicates passion and prejudice on the part

of the jury in making its findings. The contention is not sound. Respondent was a pedestrian; the court found him negligent with respect to maintaining a proper lookout. Appellant Arens, however, was the driver of an automobile, a dangerous instrumentality capable of doing great harm. While the trial court found him negligent in the same respect, it does not follow that the negligence of the parties as to lookout was equal in degree. We have many times held that the comparison of negligence is the sole province of the jury. *Carr v. Chicago & N. W. R. Co.* (1950), 257 Wis. 315, 43 N. W. (2d) 461.

The trial court, which had the discretion to grant a new trial, considered the verdict fair, and there is nothing in the record to indicate that the percentages of negligence fixed by the jury are so grossly disproportionate as to justify this court in substituting its judgment for that of the jury and the trial court.

*By the Court.*—Judgment affirmed.