BESKIDNIAK, Appellant, vs. MASNY and another, Respondents.

*October 6—November 3, 1953.*

For the appellant there was a brief and oral argument by *N. Paley Phillips* and *Carl Glazewski,* both of Milwaukee.

For the respondents there was a brief by *Bendinger, Hayes & Kluwin,* attorneys, and *Bernard J. Hankin* of counsel, all of Milwaukee, and oral argument by *John A. Kluwin.*

MARTIN, J.  Plaintiff contends that there is no substantial issue to be tried so far as negligence is concerned, and cites *Marco v. Whiting* (1944), 244 Wis. 621, 12 N. W. (2d) 926, to the proposition that summary judgment is proper under the circumstances.  That was a case involving a contract allegedly procured by fraud.

The instant case involves an automobile accident.  An insurance company is one of the defendants, and under the terms of its policy the company has complete control of the investigation and the defense.  In this situation it is often true that the individual defendant is not too strenuously opposed to having the plaintiff guest recover.  Masny's testimony on the adverse examination cannot be presumed the only evidence which may be offered in defense of the action.

Many of the statements made in the affidavits filed in support of the motion are conclusions or simply facts which might be disputed on the trial by the evidence of other wit-

nesses. It is stated that there are no other witnesses, but the defendant Insurance Company does not concede that. Neither do the affidavits set forth any physical facts which may have a bearing on the questions of negligence and assumption of risk. On his adverse examination plaintiff stated he was rendered unconscious and did not know how the accident happened or what the car hit. Masny could not remember what happened; he did not know whether he had hit the curb or whether someone else had hit him. He did not look at his car to see what position it was in or what damage it had sustained.

It is contended that since defendants filed no affidavits by witnesses disputing the facts set forth by plaintiff, it may be assumed that none could be produced. Such an assumption is not warranted. The defendant Insurance Company is not required, upon the adverse examination of Masny, or upon motion for summary judgment, to produce all the evidence it has in defense of the action. It was shown that police officers came to the scene of the accident shortly after it happened; such officers are presumably available for testimony as to the physical facts. There was testimony by both plaintiff and Masny regarding drinking at the dance hall. It is possible that other witnesses who were with them there may be available to testify on that subject. Plaintiff and Masny testified that the car was driven at the lawful speed limit of 30 miles per hour. If witnesses to the accident can be procured, the defendant Insurance Company is not foreclosed from introducing other evidence as to speed pertinent to the question of plaintiff's assumption of risk; nor evidence as to the mechanical condition of the car which might be available to the defendant Insurance Company.

The proceedings had before the court commissioner do not require that the defendant Insurance Company disclose all the evidence it has prior to trial. It has been pointed out that parties appearing before a court commissioner on adverse

examination can answer only the questions submitted to them by opposing counsel and. they are not permitted to offer any positive proof; that neither party is required, upon such proceedings, to affirmatively establish his cause of action, or defense, or be subject to summary judgment against him. *Pelon v. Becco* (1948), 253 Wis. 278, 34 N. W. (2d) 236.

The summary judgment here sought would be proper only if the record conclusively showed that no defense was possible. That is not the situation. Defendants have set up the affirmative defense of assumption of risk both in their answer and in their affidavit in opposition to the motion. The facts testified to in the adverse examinations may be undisputed, but they are not undisputable, and this court has often said that the summary-judgment procedure is not to be substituted for a trial. As stated in *Parish v. Awschu Properties, Inc.* (1945), 247 Wis. 166, 174, 19 N. W. (2d) 276:

"Statements on an adverse examination before trial are not conclusive and when inconsistent or in conflict with subsequent testimony under oath on a trial it is within the province of the jury to decide which story is correct (*Sparling v. United States Sugar Co.* 136 Wis. 509, 513, 117 N. W. 1055; *Halamka v. Schneider,* 197 Wis. 538, 540, 222 N. W. 821; *Henry v. La Grou,* 200 Wis. 110, 115, 227 N. W. 246); and that is likewise applicable to statements in affidavits when they are inconsistent or in conflict with testimony given under oath on the trial by an affiant or other witnesses. The summary judgment is drastic and is to be availed of only when it is apparent that there is no substantial issue to be tried. It is not a substitute for a regular trial nor does it authorize trial of controlling issues on affidavits. If there is any substantial issue of fact, which entitles plaintiffs to a determination thereof by a jury or the court, the motion for summary judgment must be denied. *Atlas Investment Co. v. Christ,* 240 Wis. 114, 2 N. W. (2d) 714; *Holzschuh v. Webster,* 246 Wis. 423, 17 N. W. (2d) 553."

*By the Court.*—Order affirmed.