VENDEN, Respondent, vs. MEISEL and wife, Appellants.

*October 10—November 5, 1957.*

254

256

For the appellants there was a brief by *Rogers & Owens* of Portage, and oral argument by *Bruce J. Rogers*.

For the respondent there was a brief by *Langer & Cross* of Baraboo, and oral argument by *Clyde C. Cross*.

FAIRCHILD, J. Concededly, farm labor was being performed and the theory of plaintiff's cause of action was common-law negligence. Appellants urge the following propositions:

1. Venden should be found as a matter of law to have assumed the risk;

2. There was insufficient evidence of negligence on the part of Meisel;

3. It should be determined as a matter of law that Venden's negligence was equal to or greater than that of Meisel; and,

4. The court erred in instructions to the jury on the questions of Meisel's duty to warn and assumption of risk.

Venden was a mature adult with considerable work experience. He had no experience at all on the particular saw rig. He had not been a farmer very long and on his own farm he did not have equipment similar to the saw rig involved. This comparative inexperience, known at least in a general way to Meisel, was doubtless given weight by the jury in finding that Venden did not assume any risk, that Meisel had a duty to warn Venden, and that the negligence of Venden in not maintaining a lookout and in coming in contact with the shaft constituted 20 per cent of the total causal negligence while the negligence of Meisel was 80 per cent.

The trial court was apparently in some doubt whether assumption of risk was an issue to be submitted to the jury. There was no evidence that Venden was exposed to any danger from the open drive shaft as long as he hauled wood from the pile to the saw. The danger arose when he moved close to the shaft and reached over it. Even though previously Meisel had operated the tractor and power take-off, Meisel had not instructed him not to do so and did not warn him or forbid his doing so when Meisel saw him approaching the tractor for that purpose. Shutting off the power at that moment was a necessary step in accomplishing the work and it appeared both to Venden and Meisel that a moment or two could be saved if Venden did it. Certainly it could not be said that there was assumption of risk as a matter of law. It may not even have been a jury issue. Because of the momentary character of the movement by Venden which brought him into danger and because it had not been part of the task he had been performing for several hours, we are inclined to conclude that the question for consideration was contributory negligence and not assumption of risk. Whether assumption of risk was a jury issue or not, appellants cannot complain of the jury's negative answer.

Appellants place reliance upon the dissent in *Welch v. Corrigan* (1949), 255 Wis. 58, 38 N. W. (2d) 148. There the plaintiff's pant leg was caught in a revolving shaft. The trial court had granted summary judgment for defendant and this court reversed because there was a jury question as to negligence by the employer in failing to warn the plaintiff that he should use a guard which had been provided. The majority opinion did not discuss the question of assumption of risk and the dissent was based on the proposition that as a matter of law the risk had been assumed. The case is distinguishable even had the dissent been the opinion of the

court. Welch used the machine regularly before the injury and the danger was one which he encountered each time he operated the machine.

The jury's finding that Meisel was negligent can be sustained. It is conceded that Meisel did not warn Venden in any respect and there is no question but that an employer has a duty to warn an employee of danger incident to the employment. *Welch v. Corrigan, supra; Miller v. Paine Lumber Co.* (1929), 202 Wis. 77, 227 N. W. 933, 230 N. W. 702. The employer had a duty to furnish reasonably safe equipment. *Knudsen v. La Crosse Stone Co.* (1911), 145 Wis. 394, 401, 130 N. W. 519. It was for the jury to say whether the standard of due care required Meisel to place a guard on this particular equipment. They were not required to find that this equipment was reasonably safe because of the testimony that a great deal of equipment is operated with an open drive shaft. They were entitled to consider the ease with which a guard could have been provided, the dangers which would be created by operation without a guard, and the presence of a wire which could probably not be seen when the shaft was revolving at full speed and which would add to the likelihood of the very type of accident which did occur.

It is true that in finding that Venden was negligent as to lookout and coming in contact with the shaft, the jury found that he had a duty to observe the shaft and to keep away from it and it is suggested that in finding he had such a duty, the jury may have contradicted its finding that Meisel had a duty to warn him of the danger. We conclude, however, that these findings are consistent, particularly in view of the jury's belief expressed in its answers on comparison of negligence that Venden, because of his relative inexperience, should be held to a far lower standard of realization of the danger than should Meisel with his greater experience.

We have carefully considered two previous decisions of this court in which 50 per cent or greater negligence by plaintiff was determined as a matter of law. In *Frei v. Frei* (1953), 263 Wis. 430, 57 N. W. (2d) 731, plaintiff was picking up ears of corn beneath the snouts of a corn picker. He was injured when his sleeve was drawn into the machinery by reason of the gathering chains being loose. The supreme court affirmed summary judgment for the defendant. It was held unnecessary to decide whether the plaintiff had assumed the risk or was negligent in placing his hand near the snouts because even if negligence, it was equal to or greater than that of defendant as a matter of law. There, however, the plaintiff had operated the machine for a long period of time, was familiar with farm machinery, had considerable mechanical experience, and had previously called the owner's attention to the looseness of the chains which caused the injury. He was free to shut off the machine while he picked up the loose ears of corn.

In *Sparish v. Zappa* (1956), 273 Wis. 195, 77 N. W. (2d) 416, defendants were commercial silo fillers and the plaintiff, their employee. The safe-place statute applied and the jury found the place of employment unsafe. Plaintiff was injured when he attempted to get off the back of a wagon by climbing over a trough leading to the blower and his foot slipped off the edge of the trough and into the blower as he attempted to shift his weight from one foot to the other. The jury found the plaintiff negligent as to the manner and place where he left the wagon and attributed 70 per cent of the negligence to him. This court held that even if the defendant were negligent in some additional respects as claimed, but not found by the jury, the plaintiff's negligence was at least 50 per cent because he had used an unsafe way to leave the wagon when two safe courses were readily available. Evidently the court was impressed by the very

precarious method used by plaintiff. We think that plaintiff's actions in that case were far more patently negligent than Venden's act in reaching across a drive shaft which was three feet from the ground. Here again the twist of wire was a danger which could not be said as a matter of law to have been obvious to one who reached across the shaft. We conclude that the comparison of negligence was properly for the jury.

The court did not give in full certain instructions requested by appellants. The first of these requests related to the employer's duty to warn of danger. The request consisted of statements adapted or quoted from opinions of this court which, of course, were asserted with respect to the facts then before the court. Had the request been given in full it would have repeated several times the general proposition that the employer has no duty to warn of dangers which are open and obvious to a person of ordinary comprehension. The instruction actually given by the court followed in large part the request made by appellants and in part stated that Meisel had the duty to warn "only if Walter Meisel could reasonably assume that Kenneth Venden was not fully aware of the danger." A party does not have a right to repetition of a proposition of law in instructions and even though the various portions of the request may be correct statements, we cannot find that appellants were prejudiced by the court's giving the instruction in the form which it did.

Appellants requested an instruction with respect to assumption of risk. It may be, as suggested in this opinion, that appellants had no right to have the question submitted at all. Here again a large portion of the requested instruction was given by the court. The appellants now attack the instruction given for the reason that it told the jury that in order to find assumption of risk it must find that Venden entered into a relation or situation that was "known to him to be obviously dangerous," and that it must affirmatively

appear that he "knew or appreciated that the unguarded shaft was dangerous to his safety." Appellants contend that knowledge on the part of an employee of mature years will be presumed where a danger is open and obvious and that such an instruction should have been given. They had not, however, requested such an instruction, even if correct.

*By the Court.*—Judgment affirmed.