FJESETH, Appellant, v. NEW YORK LIFE INSURANCE COM-
PANY, Respondent.*

*September 5—October 3, 1961.*

* Motion for rehearing denied, with $25 costs, on November 28, 1961.

For the appellant there was a brief and oral argument by *N. George DeDakis* of La Crosse.

For the respondent there was a brief by *Johns, Roraff, Pappas & Flaherty* of La Crosse, and oral argument by *Robert D. Johns*.

BROADFOOT, J. This court has often stated that summary judgment should not be granted when there are substantial issues of fact to be determined, when the evidence on a material issue is in conflict, and there are permissible inferences from undisputed facts that would permit a different result.

In several respects the record on the motion for summary judgment is uncertain so that inferences must be drawn, and there are substantial issues of fact that are not established. It is not clear from the record whether or not Mr. Fjeseth read the supplemental application for insurance and the amendment to the original application that were presented to him for signature by the defendant's agent. We find nothing in the record that indicates he did read them. The supplemental application for insurance provides that the applicant reiterates and confirms the statements, representations, answers, and agreements contained in the previous application and agrees that the previous application may be a part of the policy for additional insurance. The form further states that the applicant declares that, to the best of his knowledge and belief, no change has occurred in his health or insurability since the date of his previous application. It is admitted that the answers contained in the application, one part of which is dated May 26th and the other part May 27th, were true when made.

One issue of fact to be resolved, if the applicant is to be bound by all statements in the supplemental application, a point upon which we express no opinion, would be whether

or not any change had occurred in the health of the applicant to the best of his knowledge and belief since the date of the first application. The issue of fact is not what the doctor knew or believed, but what the applicant knew and believed.

The defendant relies upon a printed statement in the amendment to the application which was signed on June 18th, which reads as follows:

"I declare that: To the best of my knowledge and belief, the answers made in the application for the policy referred to herein represent, without material change, true and complete answers to the same questions if asked at the time this amendment was signed, subject to any modification requested in this amendment."

This declaration, if read, was made upon information and belief. The questions contained in the original application were not again read to the applicant. In fact, it is clear from the record that no questions concerning his health were asked by the agent. Again there is an issue of fact as to what the applicant knew and believed.

The defendant relies in particular upon three cases decided by this court, viz.: *Gibson v. Prudential Ins. Co.* 274 Wis. 277, 80 N. W. (2d) 233; *Bradach v. New York Life Ins. Co.* 260 Wis. 451, 51 N. W. (2d) 13; and *Demirjian v. New York Life Ins. Co.* 205 Wis. 71, 236 N. W. 566. In each of those cases false statements were contained in the original application. They are not controlling here.

The plaintiff cites *Schneider v. Wisconsin Life Ins. Co.* 273 Wis. 105, 76 N. W. (2d) 586. The *Schneider Case* involved an application for the reinstatement of an insurance policy which contained a statement that since the date of the original application for the policy the insured had had no sickness of any kind. The record there disclosed that the

applicant, during the period in question, had consulted a doctor while he was suffering from a cold or flu and had a temperature of 103 degrees. In effect that case held that failure to disclose medical treatment for a cold was not a material representation and that the form of the question called for a conclusion of the applicant.

No claim of fraud is involved in the present case. The defense is that the applicant made a misrepresentation of a material fact that increased the risk of the defendant.

Questions of law have been argued by both parties that can best be resolved after the facts and inferences from facts have been properly determined. We have not passed upon them for that reason.

Summary-judgment procedure is not to be substituted for a trial. *Beskidniak v. Masny,* 265 Wis. 74, 60 N. W. (2d) 723; *Parish v. Awschu Properties, Inc.,* 247 Wis. 166, 19 N. W. (2d) 276. Defendant is not entitled to summary judgment unless the facts presented conclusively show that plaintiff's action has no merit and cannot be maintained. *Kluth v. Crosby,* 275 Wis. 251, 81 N. W. (2d) 515. In *Bergman v. Bernsdorf,* 271 Wis. 401, 407, 73 N. W. (2d) 595, 74 N. W. (2d) 744, we said:

"However, it is the rule in this state that summary judgment may not be granted in a situation where it appears from the affidavits that circumstances exist which tend to support an inference of essential ultimate fact contrary to that contended for by the movant, and it further appears that the conclusive effect claimed for the affidavits of the movant may be destroyed by cross-examination."

See also *Putman v. Deinhamer,* 265 Wis. 307, 61 N. W. (2d) 319. The record does not establish conclusively that the plaintiff's action has no merit. Her affidavit indicates that statements in affidavits on behalf of the defendant may

be weakened or destroyed by cross-examination upon a trial and that there are issues of fact to be tried by a jury. Therefore the summary judgment should not have been entered.

*By the Court.*—Order and judgment reversed. Cause remanded with directions to grant plaintiff a trial of her action.

---

* Motion for rehearing denied, with $25 costs, on November 28, 1961.