STATE, Appellant, vs. DECKER, Respondent.

*November 10—December 5, 1950.*

For the appellant there was a brief by the *Attorney General, Roy G. Tulane,* assistant attorney general, and *Robert W. Arthur,* district attorney of Dane county, and oral argument by *Mr. Tulane* and *Mr. Arthur.*

For the respondent there was a brief by *Walter J. Mattison,* city attorney of Milwaukee, *Omar T. McMahon,* assistant city attorney, and *Erbstoeszer, Cleary & Decker* and *Vernon Erbstoeszer,* all of Milwaukee, and oral argument by *Harry G. Slater,* assistant city attorney, and *Vernon Erbstoeszer.*

HUGHES, J.   Sec. 346.25, Stats., requires the employer who is designated as principal to make but one report to the

secretary of state within thirty days after *sine die* adjournment of the legislature.

Appellant contends that sec. 346.245 (1), Stats., which requires a lobbyist to file a sworn statement "of expenses made and obligations incurred by himself or any agent in connection with or relative to his activities as such lobbyist" is so broad as to require reporting of items which aid his work even though incurred by his principal, and that for purposes of interpretation the term "any agent" should include such lobbyist's principal.

We know of no law which sanctions such strained construction under any circumstances, and certainly not in the interpretation of a statute penal in its nature.

Sec. 346.205, Stats., defines a lobbyist and principal:

"(2) *Lobbyist.* Any person who engages in the practice of lobbying for hire except in the manner authorized by section 346.27. Lobbying for hire shall include activities of any officers, agents, attorneys, or employees of any principal who are paid a regular salary or retainer by such principal and whose duties include lobbying. . . .

"(4) *Principal.* (a) Any person, corporation, or association which engages a lobbyist or other person in connection with any legislation, pending before the legislature or to be proposed, affecting the pecuniary interest of such person, corporation, or association.

"(b) Any board, department, commission, or other agency of the state, or any county or municipal corporation, which engages a lobbyist or other person in connection with any legislation pending or to be proposed affecting the statutory powers, duties, or appropriation of such agency, county, or municipal corporation."

"It is fundamental that in construing a statute the words therein are to be given the meaning they commonly were understood to have at the time the statute was passed. 59 C. J., Statutes, p. 1137, sec. 673. . . ." *International Union v. Wisconsin E. R. Board* (1947), 250 Wis. 550, 558, 27 N. W. (2d) 875, 28 N. W. (2d) 254, 336 U. S. 245, 69 Sup. Ct. 516, 93 L. Ed. 651.

In this instance the statutes clearly indicate that the terms, as adopted, had the usual meaning and there is no room for other interpretation.

Counsel for the state argue that there is similarity between the Corrupt Practices Act and the Lobby Control Law, and that the language used by the court in *State ex rel. La Follette v. Kohler* (1930), 200 Wis. 518, 563, 228 N. W. 895, supports its position:

"In the act, particularly that part relating to the amount which may be spent and the filing of accounts, the phrase 'by and on his behalf' is used. There is no difficulty in understanding what is meant by the term *by*; the phrase 'on his behalf,' when it refers to a candidate, means by someone who acts for him in the sense that an agent acts for and on behalf of his principal. The authority may be express or implied but it must exist; otherwise the disbursement is not made on behalf of the person sought to be charged."

The fallacy of the state's analogy lies in the fact that there the principal is accountable for sums spent on his behalf—expenditures made by any agent are a part of that for which such principal is accountable. The lobby law, on the other hand, requires the principal to account at the end of the session for all expenditures made by it. The law under which defendant is here sued makes the lobbyist accountable monthly for sums expended by him or any subagent on behalf of the principal and does not go beyond that.

Counsel further argue that the purpose of the law is to make known during the session of the legislature what amounts are being expended in an effort to influence legislation. If that were true, the legislature could have accomplished its purpose easily by requiring monthly reports from the principal as well as from the lobbyist.

We are of the opinion that the trial court properly construed the statute and sustained the demurrer.

*By the Court.*—Order affirmed.