THE HONORABLE, THE ASSEMBLY Legislature
By 1975 Assembly Resolution 27, you have requested my opinion whether the Secretary of State has authority to issue the proposed rules relating to the administration of the Wisconsin lobbying laws which were submitted to members of appropriate standing committees of the legislature on April 30, 1975, pursuant to sec. 227.018 (2), Stats.
As a constitutional officer, the Secretary of State has certain duties which are prescribed by the Constitution and set forth in Art. VI, sec. 2, Wis. Const. The same section provides that ". . . He shall perform such other duties as shall be assigned him by law . . . ." As head of his department, sec. 15.04 (1), Stats., empowers him to "plan, direct, co-ordinate and execute the functions vested in his department." Section 14.361, Stats., provides that the office of Secretary of State shall have the program responsibilities specified under subch. III of ch. 13, Stats., which is concerned with regulation of lobbying.
Every administrative agency must conform precisely to statutes from which it derives its power. Mid-Plains Tel. Inc. v. P.S.C. (1973), 56 Wis.2d 780, 202 N.W.2d 907 As an administrative officer, the Secretary of State has only those powers which are expressly granted by the Constitution or statute or which are necessarily implied. State ex rel. Martin v. Zimmerman (1939),233 Wis. 16, 20, 288 N.W. 454; American Brass Co. v. State Bd. ofHealth (1944), 245 Wis. 440, 15 N.W.2d 27.
With the exception of the power to hold hearings under sec.13.63 (1), Stats., on the denial of applications for lobby licenses, *Page 50 
the responsibilities of the Secretary of State with respect to the administration of the lobby laws (secs. 13.60-13.73, Stats.) are, in large part, ministerial. This is in keeping with the primarily ministerial character of the office and its duties. See sec. 14.361, Stats.; State ex rel. Martin v. Zimmerman (1939),233 Wis. 16, 17, 288 N.W. 454; State ex rel. Attorney General v.Cunningham (1892), 81 Wis. 440, 486, 51 N.W. 774. As an officer with ministerial duties, the Secretary of State has powers considerably narrower than those of an officer invested with broad responsibilities requiring the exercise of discretion.
Section 13.63 (1), Stats., however, does provide that the Secretary of State shall provide a form of application for license, prescribes fees for such licenses and secs. 13.60-13.73, Stats., do provide for the filing of certain reports and statements by lobbyists and their principals. These sections and sec. 227.014 (2), Stats., would permit the Secretary of State to adopt standard forms to aid in his administration of the statutes and to promulgate rules to interpret provisions of the statutes which might otherwise be unclear. Section 227.08, Stats., requires the Secretary of State to adopt rules of procedure for any necessary hearings. The proposed rules do not cover the latter subject matter.
Section 227.014 (1), (2), Stats., provide in part:
 "Extent to which the administrative procedure act confers rule-making authority. (1) Except as provided in sub. (2) and s. 227.08 . . . nothing in this chapter confers rule-making authority upon or augments the rule-making authority of any agency.
 "(2) Rule-making authority hereby is expressly conferred as follows:
 "(a) Each agency is authorized to adopt such rules interpreting the provisions of statutes enforced or administered by it as it considers to be necessary to effectuate the purpose of the statutes, but such rules are not valid if they exceed the bounds of correct interpretation.
 "(b) Each agency is authorized to prescribe such forms and procedures in connection with statutes to be enforced or administered by it as it considers to be necessary to effectuate the purpose of the statutes, but nothing in this paragraph *Page 51 authorizes the imposition of substantive requirements in connection with such forms or procedures." (Emphasis added.)
Section 227.013, Stats., provides:
 "FORMS. A form which imposes requirements which are within the definition of a rule shall be treated as a rule for the purpose of this chapter, except that:
 "(1) Its adoption, amendment or repeal need not be preceded by notice and public hearing; and
 "(2) It need not be adopted, amended or repealed by the board or officer charged with ultimate rule-making authority but may be adopted, amended or repealed by any employe of the agency to whom such board or officer has delegated the authority; and
 "(3) It need not be published in the administrative code or register in its entirety, but may be listed by title or similar description together with a statement as to how it may be obtained."
By reason of sec. 227.01 (5) (j), (q), Stats., a rule is not involved where the action of the agency:
 "(j) Relates to the form and content of reports, records, or accounts of state, county or municipal officers, institutions or agencies;
"* * *
 "(q) Is a form the content or substantive requirements of which are prescribed by a rule or a statute;"
The adoption of forms and the promulgation of rules are subject to certain limitations. The forms or procedures adopted cannot impose substantive requirements beyond those included in the relevant statute. Rules must be limited to correct interpretation of provisions of statutes which need interpretation to effectuate the purpose of such statutes but cannot impose substantive requirements which are broader than the statutory language.
State v. Grayson (1958), 5 Wis.2d 203, 92 N.W.2d 272 contains an example of proper use of the rule-making power. The *Page 52 
Chiropractic Examining Board was charged with the duty of licensing and regulating chiropractors, but the legislature had failed to define the term "chiropractic." The board proceeded to do so under sec. 227.014 (2) (a), Stats. The court held that it was proper for the board to adopt the rule to effectuate the purpose of the statutes and that the definition adopted did not exceed the bounds of correct interpretation.
Where the provisions of a statute are clear and unambiguous, however, so that the intent of the legislature is clear, there is no need for interpreting such provisions by rule. Proper interpretation does not in any event permit the addition of substantive requirements.
Administrative rules are for the purpose of effectuating the purpose of the statutes and to aid in their interpretation and administration. They should not be used to repeat in exact terms statutory language which needs no interpretation. Mere repetition in rule form is surplusage and although probably not invalid, is not good form. Section 227.024 (5), Stats., provides:
 "Rules shall not unnecessarily repeat statutory language. Whenever it is necessary to refer to statutory language in order to effectively convey the meaning of a rule interpreting that language, the reference shall clearly indicate the portion of the language which is statutory and the portion which is the agency's amplification of that language."
Section 13.69, Stats., provides that violations of secs.13.61-13.68, Stats., are punishable by fine, and in some cases, imprisonment. Since the statutes are penal in nature, they are to be strictly construed in favor of the accused. Accordingly, a lobbyist may not be required to provide any more information than is strictly required by law as a condition precedent to being issued a license. State v. Decker (1950), 258 Wis. 177,45 N.W.2d 98; State v. Hoebel (1950), 256 Wis. 519, 41 N.W.2d 865.
With these general comments in mind, I will comment on each of the six proposed rules. The proposed rules are set forth in full. Underlined material indicates that, in my opinion, there is no statutory authority for the same or that the interpretation is broader than that permissible. Comments as to each of the proposed rules, or subsections thereof, appear after each rule. *Page 53 
 "SS 1.01 DEFINITIONS. In chapter 13, subchapter III, Wis. Stats., and these rules, and unless the context otherwise requires:
 "(1) With respect to lobbying as defined in section 13.62, Wis. Stats.:
 "(a) `Lobbying' means the attempt to promote or oppose the introduction or enactment of legislation before the legislature or before a legislative committee or any members of the legislature.
 "(b) `Lobbyist' means any person who engages in the practice of lobbying for hire which includes the activities of any agents, attorneys, employes, or officers of any principal who are paid a regular salary for full time lobbying, or who are paid a regular salary for performing services which include, but are not limited to lobbying, or who are paid a retainer by such principal for lobbying.
 "(c) `Unprofessional conduct' as defined in section 13.62 (3), Wis. Stats. includes:
"1. A violation of sections 13.62 to 13.71, Wis. Stats.
 "2. Instigating the introduction or legislation for the purpose of gaining employment from any principal.
 "3. Attempting to influence the vote of legislators by a promise of support or opposition at any future election.
 "4. Making public any insubstantiated charges of improper conduct on the part of another lobbyist or legislator.
 "5. Engaging in activities which discredit the practice of lobbying or the legislature.
 "6. Furnishing anything of pecuniary value to the governor, any legislator, any employe of the state, or any candidate for state office.
"(d) `Principal' means:
 "1. Any person, corporation, or association who engages a person in lobbying.
 "2. Any board, department, commission or other agency of the state, or any county or municipal corporation which engages a person in lobbying"
 Comment to SS 1.01: The definitions are almost wholly lifted from sec. 13.62 (1)-(4), Stats. No substantial interpretation is involved. This repetition of statutory language is in bad form and *Page 54 
violates sec. 227.04 (5), Stats., but does not make the proposed rule invalid.
 "SS 1.02 LICENSES FOR LOBBYISTS. (1) A separate license to lobby shall be obtained for each principal. Payment of $10.00 shall be made for each license. A lobby license, under section 13.63, Wis. Stats. shall contain the following information:
 "(a) The applicant's name, permanent business address and telephone number, date of the preparation of the license, and the anticipated duration of the applicant's employment.
 "(b) The applicant's temporary address in Dane County during the legislative session and telephone number.
 "(c) The name and address of the applicant's principal and the nature of business of said principal.
 "(d) The amount received as compensation for lobbying which shall be the prorated amount of a regular salary based on the estimated percent of the lobbyist's time spent engaged in lobbying activities, the amount of a regular salary received for lobbying, or the amount of a retainer. Is the applicant serves as legal counsel as well as a lobbyist for said principal, the prorated amount of compensation based on the estimated percent of time spent engaged in lobbying activities, or the hourly, daily, weekly or monthly rate of compensation [sic] or retainer received in conjunction with lobbying activities shall be reported.
 "(e) The type of expenditures to be reimbursed by the principal, (Note: this shall include, for example, meals, lodging, travel, postage or printing expenses.) and the maximum amount of reimbursement. (Note: If the applicant maintains an expense account, the amount shall be reported. If the applicant is reimbursed for any amount of expenditures, `100%' shall be reported. If the applicant is not reimbursed for any expenditures `none' shall be reported.)
 "(f) A statement of explanation if any members of an applicant's business associates or immediate family are in the legislature, employed by the state or by the applicant's principal.
 "(g) The occupation of the applicant other than lobbying, if any. *Page 55 
 "(h) A list of the applicant's principals, other than stated principal, if any.
 "(i) A statement of the applicant's capacity of employment as a lobbyist which includes information that the applicant will be employed solely as a lobbyist or as a regular employe performing services for his or her employer which include, but are not limited to lobbying, and the position held by the applicant in this capacity. If the applicant serves as legal counsel as well as a lobbyist for said principal, state `Legal Counsel'.
 "(j) A list of the general subjects of legislative interest of the applicant under the employment of the stated principal.
 "(k) A list of the specific legislative interests and the position, for or against, of the applicant serving in the capacity as a lobbyist for the stated principal.
"(1) The application shall be signed and dated."
Comment to SS 1.02: Again, much of the language is excessive repetition of statutory provisions of sec. 13.63, Stats., which is clear and needs no interpretation. Statutory authority for the approved material is found in secs. 13.63, 13.64 and 13.65 (1), (2), Stats.
With respect to SS 1.02 (1) (a), the duration of lobbyists' employment need not be stated. Section 13.63 (1) provides license expires December 31 of each even-numbered year. Employment can be terminated earlier and in such case that fact should be recorded as provided in sec. 13.64, Stats.
With respect to SS 1.02 (1) (d), (e), (f), (g), (h) and (i), sec. 13.63 (1), Stats., establishes the criteria for eligibility for license. There is no provision requiring statement of other occupation, business of principal, amount of compensation, type of expenditures to be reimbursed, disclosure of employment of business associates or members of immediate family.
 "SS 1.03 AUTHORIZATION OF LOBBYIST. (1) Within 10 days after the lobbyist's registration. any principal employing any lobbyist shall file with the secretary of state under section 13.65 Wis. Stats. an authorization or said lobbyist which shall contain the following information:
 "(a) The name, permanent business address and telephone number of the lobbyist, the date the authorization *Page 56 
was prepared and the anticipated duration of the lobbyist's employment.
 "(b) The name and address of the principal, the nature of the principal's business and telephone number.
 "(c) The amount the lobbyist receives as compensation for lobbying which shall be a prorated amount of a regular salary based on the estimated percent of the employe's time spent lobbying, the amount of a regular salary received by the lobbyist, or the amount of a retainer paid to the lobbyist. If the lobbyist serves as legal counsel as well as a lobbyist for the principal making such authorization, the prorated amount of compensation based on the estimated percent of time spent engaged in lobbying activities, or the hourly, daily, weekly or monthly rate of compensation or retainer paid in conjunction with lobbying activities shall be reported.
 "(d) The type of expenditures to be reimbursed by the principal. (Note: this shall include, for example, meals, lodging, travel, postage, or printing expenses.) and the maximum amount of reimbursement paid to the lobbyist. (Note: If the lobbyist maintains an expense account, the amount shall be reported. If the lobbyist is reimbursed for all expenditures, `100%' shall be reported. If the lobbyist is not reimbursed for any expenditures, `none' shall be reported.)"
 "(e) A list of the general subjects of legislative interest in relation to which the lobbyist is employed. This list shall be kept current and additional entries [sic] shall be made as additional subjects of legislative interest arise.
 "(f) The statement shall be signed and dated with information including the group the signer represents and the title of the signer."
 Comment to SS 1.03: Authority for the approved material is found in sec. 13.65 (1), (2) and (3). Stats. Most of such material is repetition of statutory language. None of the provisions of SS 1.03 (b), (c) and (d), represent correct interpretation of sec. 13.65, Stats., or other provisions of lobbying law and all, impermissibly, introduce substantial additional requirements.
 "SS 1.04 STATEMENT OF EXPENSE BY LOBBYIST. (1) Within 10 days after the end or each calendar month of the legislative session, every lobbyist shall file with the secretary *Page 57 
of state, under section 13.67, Wis. Stats., a sworn statement of financial standing which shall contain the following information:
 "(a) The lobbyist's name, permanent business address and telephone number, the date of preparation, and the period covered by the statement.
 "(b) The lobbyist's temporary address in Dane County and telephone number, if any.
 "(c) A separate itemized list for each principal of reimbursements and receipts from lobbying activities. If the lobbyist bills his or her principals based on the amount of time spent lobbying, the billed amount shall be reported on the expense statement covering the month in which the bill was issued. The total receipts from each principal and the overall total receipts to date shall be reported.
 "(d) The amount of all loans received or repayed by the lobbyist or principal in connection with lobbying activities, the date of the transaction and the creditor's name and whether the transaction was a receipt or a repayment.
 "(e) A separate itemized list for each principal of all expenditures made by the lobbyist or principal in conjunction with lobbying activities. This list shall include office expenses, (Note: in estimating office expenses, a reasonable estimate of the dollar amount spent on rent, supplies and other office expenses based on the percent of time spent engaged in lobby related activities shall be included.) printed or duplicated material, telephone or telegraph expenses, postage, travel, food, entertainment, Living accomodations, [sic] wages, salaries or retainers (Note: the lobbyist's compensation and the estimated dollar amount spent on research backup, clerical staff or assistants based on the percent of time they spend on lobby related activities shall be reported.) public relations and advertising, gifts and contributions. If the lobbyist pays for lobbying expenses directly out of his or her retainer, salary, or compensation, the lobbying expenses shall be itemized as stated, the balance of which shall be reported as an expense of the principal in the form of compensation. The total expenditures made for each principal and the overall total expenditures to date shall be included. *Page 58 
 "(f) The amounts of all individual expenditures of over $50.00 made by the lobbyist or principal in conjunction with lobbying activities. The total expenditures made for each principal and the overall total expenditures to date shall be included.
"(g) The statement shall be signed, dated and notarized.
 "(h) Should a registered lobbyist receive no compensation or reimbursements and incur no expenses in conjunction with lobbying activities for the entire legislative session, he or she may file with the secretary of state a statement, signed under oath, indicating the same. Subsequent to this statement, the lobbyist need not file the lobbyist's monthly expense statements for the balance of the legislative session."
The primary support for the approved material is found in sec.13.67 (1), Stats. However, the statute is solely concerned with "expenses made and obligations incurred" and not with receipts or amounts directly paid by the principal. Such latter amounts are reportable by the principal. Nor must the lobbyist report cumulative expense totals, his own personal living and travel expenses or indirect and overhead expenses. See comment to SS1.05, infra. However, lobbyists could be required to report amounts paid in entertaining any state official or employe in support of pending legislative matters. See sec. 13.67 (2), Stats.
SS 1.04 (d), as written, may exceed statutory authority. A loan is reportable only if it amounts to an obligation incurred by the lobbyist or his agent; activities by the principal with respect to such obligations are not reportable by his lobbyist. Loans repaid could be included only if they constituted expenses to the lobbyist.
 SS 1.05 STATEMENT OF EXPENSE BY PRINCIPAL. (1) Within 30 days of the sine die adjournment of the legislature, every principal shall file with the secretary of state under section 13.68 Wis. Stats. a complete and detailed expense statement under oath which shall include the following information:
 "(a) The lobbyist's name, address and telephone number, date of the preparation of the statement, and the duration of the lobbyist's employment.
 "(b) The name and address of the principal, the nature of the principal's business and telephone number. *Page 59 
 "(C) A separate itemized list for each lobbyist of all expenses paid or incurred by such principal in connection with the employment of a lobbyist or with lobbying activities. This separate and itemized list shall include the amount of compensation or retainer paid to each lobbyist. If the lobbyist is a regular employe who performs services for his or her principal which include, but are not limited to lobbying, a prorated amount of a regular salary based on the percent of the lobbyist's time spent engaged in lobbying activities shall be reported. If the lobbyist serves as legal counsel as well as a lobbyist for the reporting principal, the prorated amount of compensation based on the percent of time spent engaged in lobbying activities, or the total compensation based on an hourly, daily, weekly or monthly rate of compensation or the total amount of retainers paid to the lobbyist shall be reported. The list shall also include reimbursements paid or expenses incurred itemized by office expense (Note: In estimating office expenses for a regular employe who performs services for the principal which include but are not limited to lobbying activities, report the prorated amount of office overhead based on the percent of time the lobbyist spent engaged in lobbying activities. In estimating office expenses paid for a lobbyist who also serves as legal counsel for the reporting principal, report the prorated amount of office overhead based on the percent of time the lobbyist spent engaged in lobbying activities.) printed or duplicated material, telephone or telegraph reimbursements, postage, travel, food, entertainment, living accomodations, [sic] wages, salaries, or retainers paid to the lobbyist and the estimated dollar amount spent on research backup, clerical staff or assistants employed by the lobbyist or principal based on the percent of time they spent on lobby related activities, public relations and advertising, gifts and contributions. The total expenses paid or incurred for each lobbyist and the total of all expenses paid or incurred in connection with lobbying efforts shall be reported.
"(d) The statement shall be signed, dated and notarized."
Comment to SS 1.05: Much of this proposed rule is a valid interpretation of the provisions of secs. 13.68 and 13.62 (2), Stats. However, to clarify the situation with respect to reportable *Page 60 
expenses, I offer the following construction of the filing requirements which is applicable to both secs. 13.67 and 13.68, Stats.
Section 13.68 requires disclosure by principals of "all expenses paid or incurred by such principal in connection with the employment of lobbyists . . ." This refers to any type compensation, whether it be a fee, salary, or other form of remuneration. In the case of lobbyists who are employes of their principal (as opposed to independent contractors compensated on a basis other than salary) that portion of the lobbyist-employe's salary attributable to lobbying activities must be reported by the employer.
Section 13.68 also requires principals to report "all expenses paid or incurred by such principal . . . in connection with promoting or opposing in any manner the passage by the legislature of any legislation affecting the pecuniary interest of such principal." Section 13.67 requires disclosure by lobbyists of "expenses made and obligations incurred by himself or any agent in connection with or relative to his activities as such lobbyist . . ." This broad and somewhat ambiguous language in both sections must be read narrowly because each statute from which it is drawn is penal in character and must be strictly construed. Therefore, expenses reportable under these provisions are limited to those expenses directly paid or incurred in connection with a lobbying effort. Reportable direct expenses include those expenses of a lobbyist reimbursed by his principal as well as expenses by the principal or lobbyist himself made primarily for the purpose of promoting or opposing legislation.See State v. Decker (1950), 258 Wis. 177, 45 N.W.2d 98; 44 OAG 174 (1955). On the other hand, indirect expenses, such as those that would be classified as the expenses of maintaining an office, including incidental supplies, or as overhead, need not be reported.
 "SS 1.06 TERMINATIONS. (1) Should a lobbyist and principal wish to terminate a lobbying license, the lobbyist may file with the secretary of state a signed statement of termination which shall include the name and address of the principal for which the termination is sought. A principal's expense statement shall be filed with the secretary of state within 30 days of the sine die adjournment of the legislature *Page 61 
for any portion of the legislative session in which the lobbyist was engaged in lobbying activities."
 Comment to SS 1.06: This rule is a reasonable implementation of sec. 13.64, Stats., which permits termination and of sec. 13.68, Stats., which requires expense statement by principal. Either the lobbyist or principal may terminate the relationship and, under sec. 13.64, Stats., either may enter the fact of termination on the lobby register.
It may be desirable to require lobbyists to disclose more information than is presently required under the laws regulating lobbying. That is, however, an issue for the legislature to consider and resolve. Until the legislature provides otherwise, it is my opinion that failure to provide information for which there is not presently statutory or implied authority does not, by itself, constitute cause for denying an application for a lobbying license or for suspension or revocation of any such license.
In conclusion, it is my opinion that while the Secretary of State does have power and duty to adopt forms and promulgate rules to aid in the administration of the lobbying law, a substantial portion of the rules proposed on April 30, 1975, would be invalid if adopted since they exceed the bounds of correct interpretation of the relevant statutes and impose substantive requirements in excess of statutory authority.
BCL:RJV