DAVID G. WALSH, Chairman Elections Board
You request my opinion on whether the promulgation of Wis. Adm. Code section ElBd 1.06 and the forms developed to effectuate that rule, EB-11 and EB-12, are within the scope of the Elections Board's authority under secs. 11.38 and 227.014 (2), Stats. *Page 194 
Section 11.38, Stats., imposes a general prohibition against direct or indirect contributions or disbursements for political purposes by a foreign or domestic corporation, or association organized under ch. 185, Stats., but the statute does allow corporations to engage in a few related activities. Some of those activities are spelled out in sec. 11.38 (1) (a) 2., Stats., which provides:
 "Notwithstanding subd. 1, any such corporation or association may establish and administer a separate segregated fund and solicit contributions from individuals to such fund to be utilized for political purposes by such corporation or association, but the corporation or association may not make any contribution to such fund. Such fund shall appoint a single treasurer and shall register as a political committee or group under s. 11.05. The corporation or association may not expend more than $500 annually for solicitation of contributions to such fund."
This statutory provision is the motivation for the adoption of Wis. Adm. Code section ElBd 1.06, and the forms developed to effectuate that rule, EB-11 and EB-12, which require corporations and associations to register and twice yearly report their expenditures for solicitation of contributions and for establishment and administration of a fund.
Wisconsin Administrative Code section ElBd 1.06 reads as follows:
 "Corporate registration and reporting. (1) Every foreign or domestic corporation or association organized under chapter 185, Wis. Stats., which establishes a separate segregated fund pursuant to section 11.38
(1) (a) 2., Wis. Stats., shall register with the appropriate filing officer on a form prescribed by the board.
 "(2) Every foreign or domestic corporation or association organized under chapter 185, Wis. Stats., which is required to register pursuant to subsection (1), shall file financial disclosure reports with the appropriate filing officer in accordance with *Page 195 
section 11.20 (4), Wis. Stats., on a form prescribed by the board."[1]
Section 227.014 (2)(a), Stats., authorizes agencies to adopt rules interpreting statutes enforced or administered by them. Section 227.014 (2)(b), Stats., also provides:
 "Each agency is authorized to prescribe such forms and procedures in connection with statutes to be enforced or administered by it as it considers to be necessary to effectuate the purpose of the statutes, but nothing in this paragraph authorizes the imposition of substantive requirements in connection with such forms or procedures."
The Elections Board has the responsibility for the "administration" of the elections laws under the provisions of sec. 5.05 (1), Stats. Therefore, the Elections Board may promulgate proper rules prescribing forms and procedures required and necessary to implement sec. 11.38 (1)(a)2., Stats. In fact, I understand that the Elections Board does presently require registration and filing, other than that here under discussion, directly by such funds under that statute.
As recently stated in 64 Op. Att'y Gen. 49, 51 (1975):
 "The adoption of forms and the promulgation of rules are subject to certain limitations. The forms or procedures adopted cannot impose substantive requirements beyond those included in the relevant statute. Rules must be limited to correct interpretation of provisions of statutes which need interpretation
to effectuate the purpose of such statutes but cannot impose substantive requirements which are broader than the statutory language."
Wisconsin Administrative Code section ElBd 1.06 and the forms promulgated to effectuate that rule, EB-11 and EB-12, are in addition to those provisions of law which impose registration and filing requirements on funds. They require that the corporationor association involved in creating and administering the fund register *Page 196 
and twice yearly report its expenditures for solicitation of contributions and for establishment and administration of the fund. In my view, such a rule and such forms impose substantive requirements in addition to those reasonably within the intendment of sec. 11.38 (1)(a)2., Stats.
Wisconsin Administrative Code section ElBd 1.06 must be viewed in the light of the ruling legal principle requiring that every administrative agency must conform precisely to the statutes from which it derives its power. Mid-Plains Telephone v. Public Serv.Comm. 56 Wis.2d 780, 786, 202 N.W 2d 907 (1973). In addition, of course, violation of sec. 11.38, Stats., is punishable not only by forfeiture under sec. 11.60, Stats., but also by fine or imprisonment under sec. 11.61 (1) (c), Stats., and statutes penal in nature are to be strictly construed. Capt. Soma Boat Line,Inc. v. Wisconsin Dells, 56 Wis.2d 838, 845, 203 N.W.2d 369
(1973).
Section 5.05 (1) (c), Stats., provides in part that "Actions brought by the board may concern only violations with respect toreports or statements required by law to be filed with it, and other violations arising under elections for state office or statewide referenda." Section 11.21 (1), Stats., only directs that the Board "Prescribe forms for making the reports, statements and notices required by this chapter."
Therefore, the only language of sec. 11.38 (1)(a)2., Stats., which reasonably infers the necessity of the adoption of forms or procedures is the language of the second sentence of that statute, emphasized above, which imposes registration and filing requirements on the fund, as a political committee or group. The statute nowhere requires or implies the necessity of registration or reporting by the corporations or associations involved. Accordingly, I conclude that the courts would probably hold the provisions of Wis. Adm. Code section ElBd 1.06 invalid, if the rule were challenged.
BCL:JCM
[1] Section 11.20 (4), Stats., establishes the dates for filing the twice-annual continuing, cumulative reports of contributions, disbursements and obligations, required of individuals, political and personal campaign committees or political groups by sec.11.06, Stats. *Page 197