MAY and another, Appellants, vs. RISCHE CONSTRUCTION COMPANY and another, Respondents.

*June 4—June 26, 1957.*

For the appellants there was a brief and oral argument by *Robert S. McCormack* of Milwaukee.

For the respondents there was a brief by *Affeldt & Lichtsinn,* and oral argument by *Eldred Dede,* all of Milwaukee.

BROWN, J. Although the briefs discuss at length the requirements of the statute of frauds and the conditions, such as partial performance, under which equity may decree specific performance of agreements whose form does not satisfy that statute, the facts here seem to us to determine this dispute before questions involving the statute are reached. The memoranda-receipts of March 8th and March 24th did not and were not considered by the parties to express their entire agreement. This is shown by the testimony of the partners themselves on such subjects as the business to be conducted in the store, and the payment for heat, utilities, and insurance in addition to rent, and the precedent conditions of partners' credit satisfactory to Mr. Rische and their payment in full for the property of Mrs. Nichols. None of them appear in the memoranda although appellants testified they were orally agreed upon. There is the further fact that Mrs. Bieganski was to be a lessee and was so named in the March 8th memorandum and it was not until on or about April 25th that even Mr. May found out that she had withdrawn from the deal. The record does not show when, if ever, this information was communicated to Mr. Rische or that after knowledge of the fact he agreed to proceed without her. (The trial court's memorandum decision states that Rische was told of this on March 24th. We have searched the record without finding support for the statement in the evidence, and in view of the fact that May did not learn of it until about April 25th, we must conclude that the court's memory of the testimony was not accurate in this respect.)

So when on May 1, 1953, appellants moved into the store and began paying rent they had no written lease, as provided by the memorandum of March 24th, they had not satisfied Rische concerning their credit, nor had they paid Mrs. Nichols in full as they, themselves, understood payment to her was required before an obligation arose on the part of Rische to give them a lease. Their payment at that time of rent and other incidentals cannot possibly be considered as performance of the terms of a lease for which they had not yet qualified, nor can their expenditures for stock, fixtures, or alterations. Their tenancy must in its inception be held as one from month to month, and there is no evidence of any subsequent agreement modifying it so as to convert it into a tenancy for years. The trial court so held expressly in its conclusions of law, in which we concur. The month-to-month tenancy could be, and was terminated by Rische's notice to the partners, effective September 30, 1954.

Under the circumstances we conclude that appellants have failed to establish the existence of a written or oral contract entitling them to a tenancy for years whose specific performance may be enforced by a court of equity.

*By the Court.*—Judgment affirmed.