RISCHE CONSTRUCTION COMPANY, Appellant, v. MAY and
another, Copartners, Respondents.

*November 2—November 28, 1961.*

For the appellant there was a brief by *Affeldt & Lichtsinn,* and oral argument by *Eldred Dede,* all of Milwaukee.

For the respondents there was a brief by *Eisenberg & Kletzke,* attorneys, and *John W. Bernard* of counsel, and oral argument by *Edwin A. Star,* all of Milwaukee.

DIETERICH, J.   Plaintiff seeks treble damages under sec. 291.10, Stats.,[1] based on a judgment of the circuit court for Milwaukee county which was entered on November 30, 1956, which judgment provided for the issuance and execution of writ of restitution of the premises occupied by May and Bieganski and stayed the execution until January 31, 1957.  Further stay was granted until October 31, 1957, all conditioned upon the defendants' paying $200 monthly rental to the plaintiff.

The premises consisted of a store building on West North avenue in the city of Wauwatosa with five first-floor stores with complete basements owned by Rische Construction

---

[1] "TREBLE DAMAGES.   If the plaintiff shall recover in any action brought under the provisions of this chapter, except when brought for the nonpayment of rent, he shall be entitled to recover treble damages, with costs of suit, against the person found guilty, in a separate action, for any injury he shall have sustained by reason of any unlawful or forcible entry or detainer, or for holding any unlawful possession of the premises by such defendant."

Company. The defendants occupied store No. 3, but did not occupy the basement located thereunder. All stores were of similar character, each having basements. The defendants May and Bieganski occupied the first floor. The basement under the store was occupied and used by the plaintiff for storage of building materials, millwork, and some machinery belonging to plaintiff Rische Construction Company.

The complaint in the instant action alleges that by reason of the retention and unlawful possession of the premises, plaintiff sustained the following injuries and damages: (a) An amount equal to the sum of $60 for each month of said unlawful possession from December 1, 1956, through October, 1957, or the sum of $660, this amount representing the reasonable rental value of the premises during the period of occupancy, in excess of the amount already paid; (b) replacement of rear door of premises damaged by defendants in the sum of $29.63; and (c) replacement of rear window removed by defendants to permit placement of air-conditioning equipment, subsequently removed, in the sum of $38.82.

The complaint further alleges that under the provisions of sec. 291.10, Stats., plaintiff is entitled to recover treble damages.

Rische Construction Company contends that the reasonable rental value of store No. 3 is more than the $200 a month determined by the court on November 30, 1956.

. The testimony of Casper F. Rische, president of the plaintiff corporation, is that a person offered him $250 a month rental for store No. 3 for use as a delicatessen store. No other proof of such offer nor of the date thereof was made. From the record it appears that the store to the west of store No. 3 rented for $250 a month. That store was approximately four feet wider than store No. 3 and the

rent included the basement. The store to the east of store No. 3 was identical in size and rented for $225 a month including basement.

The trial court took judicial notice of a previous action in 1954, in which May and Bieganski were parties-plaintiff and Rische Construction Company was party-defendant. This court will also take judicial notice of such action.

The previous action was instituted for the purpose of compelling Rische Construction Company to execute a lease for the premises described at 8818 West North Avenue. Rische Construction Company counterclaimed for the restitution of the premises based upon the serving of a three-day notice on August 5, 1954, upon May and Bieganski to quit or pay rent and a thirty-day notice on August 31, 1954, terminating the tenancy on September 30, 1954.

The trial court denied specific performance to May and Bieganski and granted judgment for restitution of the premises to Rische Construction Company, and stayed execution of the writ of restitution and required May and Bieganski to pay $200 per month rental. This amount was determined by the court to be the reasonable value for the monthly use and occupancy of the premises during the stay. Appeal was taken from such judgment to this court and the judgment was affirmed. *May v. Rische Construction Co.* (1957), 1 Wis. (2d) 363, 83 N. W. (2d) 869.

The evidence in the instant action discloses that May and Bieganski, pursuant to the stay of execution, retained possession of the premises until the 31st day of October, 1957, during which time they paid the $200 rental. Rische Construction Company accepted and received the rental of the premises up to and including the 31st day of October, 1957.

Sec. 291.01, Stats., provides that any tenant may be removed as provided for in the chapter. The section under which this action was commenced is 291.10, which provides that a plaintiff may recover treble damages in an action

brought under ch. 291, Stats., for any injury he shall have sustained from the holding over of a tenant of any unlawful possession of his premises. The object of this statute is twofold, namely, to redress the injury done, and also to punish the wrongdoer. When a statute is susceptible of penal applications in special cases, such application of it must necessarily be closely confined to cases within its principle. Although ch. 291, Stats., provides for an action before a justice of the peace (civil court in Milwaukee county), the legislature must not have intended that the penal provisions of sec. 291.10 would not apply after an adjudication in circuit court, as here.

The trial court considered the record insufficient to support a finding that the plaintiff did suffer financial injury for lost rentals, and we agree. The finding of the reasonable value of the use of the premises in the previous action was *res adjudicata* at least at the date of that judgment. Plaintiff accepted the $200 payments after the stay expired. Under these circumstances, the court could require more-definite and convincing proof than was offered before finding that plaintiff had suffered damage while the defendants held over at the rate of $200 per month. Therefore, no injury or damages having resulted from the occupancy of the premises it necessarily follows that there can be no recovery under sec. 291.10, Stats.

It is an elementary principle of law, which has been repeatedly stated, that unless the findings of the trial court are contrary to the great weight and clear preponderance of the evidence, this court will affirm.

*By the Court.*—Judgment affirmed. Appellant to be taxed double costs for insufficient appendix under Supreme Court Rule 6 (5), sec. 251.26, Stats.