CAPT. SOMA BOAT LINE, INC., Appellant, v. CITY OF WISCONSIN DELLS, Respondent.

*No. 253.  Argued November 27, 1972.—Decided January 15, 1973.*
(Also reported in 203 N. W. 2d 369.)

For the appellant there were briefs by *Francis R. Bannen* of Wisconsin Dells, and *Rolf W. Quisling* and *Boardman, Suhr, Curry & Field,* all of Madison, and oral argument by *Mr. Bannen* and *Mr. Quisling.*

For the respondent there was a brief by *Kramer, Nelson & Azim* of Fennimore and oral argument by *John N. Kramer.*

CONNOR T. HANSEN, J. In our opinion, this appeal presents the following issues:

1. Was plaintiff's cause of action before the trial court limited to the remedies, if any, provided in ch. 31, Stats., for the abatement of the maintenance of a municipal bridge, alleged to be a public nuisance?

2. If plaintiff's cause of action was limited to ch. 31, Stats., do the provisions of ch. 31 provide plaintiff a remedy?

*Cause of action limited to ch. 31.*

The dispositive issue on this appeal is whether ch. 31 of the statutes, specifically sec. 31.25, provides the appropriate remedy under law for injury, if any, suffered by an individual as a result of the maintenance of a municipal bridge alleged to be an obstruction and hazard to the free use of a navigable stream.

On appeal, considerable argument has been expended as to whether the plaintiff's complaint sufficiently states a common-law cause of action in nuisance. This court has repeatedly held that the purpose of summary judgment is to prevent sham pleadings and delay and not as a substitute to the demurrer or judgment on the pleadings. *Balcom v. Royal Ins. Co.* (1968), 40 Wis. 2d 351, 161 N. W. 2d 918; *Schandelmeier v. Brown* (1968), 37 Wis. 2d 656, 155 N. W. 2d 659; *Voysey v. Labisky* (1960), 10 Wis. 2d 274, 103 N. W. 2d 9. However, this court must initially examine the pleadings to determine the controlling issue or issues of law in order to determine whether the facts in dispute, if any, are material. *Marshall v. Miles* (1972), 54 Wis. 2d 155, 194 N. W. 2d 630; *Younger v. Rosenow Paper & Supply Co.* (1971), 51 Wis. 2d 619, 188 N. W. 2d 507; *Fuller v. General Accident Fire & Life Assur. Corp.* (1937), 224 Wis. 603, 272 N. W. 839. In such an examination the pleadings are to be given a reasonable and liberal construction. *Wisconsin Telephone Co. v. Central Contracting Co.* (1949), 254 Wis. 480, 37 N. W. 2d 24; *Welch v. Corrigan* (1949), 255 Wis. 58, 38 N. W. 2d 148. Where there is no issue of fact that should be tried or where there is an issue of law that can be determined so as to conclude the case, summary judgment should be used. *Bolen v. Bolen* (1968), 39 Wis. 2d 91, 158 N. W. 2d 316; *Hardscrabble Ski Area v. First Nat. Bank* (1969), 42 Wis. 2d 334, 166 N. W. 2d 191.

Plaintiff's complaint is narrowly drawn and as drawn is limited to a cause of action pursuant to sec. 31.25, Stats. The complaint, in part, provides:

"5. That the said bridge, on information and belief, has never been authorized to be constructed and maintained as provided by law; specifically, that no approval therefor had ever been secured by the defendant from the state as provided by sec. 31.23 (3) (b) of the Wisconsin Statutes and the predecessors of that statute; further, that the said bridge constitutes an obstruction which impairs and impedes the free use of said navigable water in that the span is but 8½', approximately, above the surface of the water at the normal water level and that in periods of higher water, commercial boats are unable to pass under said bridge and that the same also constitutes a hazard because the abutments extend into said water, narrowing the channel to such an extent that even small crafts, such as private boats, are in danger of colliding when entering and passing under the bridge from opposite directions."

Plaintiff now contends that some of the general language used in the latter portion of the above-quoted paragraph 5 sets forth a common-law nuisance action. However, such an argument is without merit because of the specific language of paragraph 7 and the prayer for relief, which read as follows:

"7. That this action, which is brought in order to abate the maintenance of said bridge by the defendant, is authorized in section 31.25 of the Wisconsin Statutes.

"Wherefore, the plaintiff demands judgment enjoining and abating the maintenance thereof as a public nuisance *as provided by said section 31.25;* for the costs, attorney's fees and disbursements of this action and for such other judgment provision or order to be contained therein as may be agreeable to equity." (Emphasis added.)

Although the pleadings are to be viewed liberally, we cannot read into a complaint a cause of action not intended by the complainant to be contained therein. The

trial court correctly determined that plaintiff's cause of action is confined to that provided in sec. 31.25, Stats.

### Does ch. 31 provide a remedy?

Plaintiff's cause of action, as limited to sec. 31.25, Stats., presents a question as to whether the city's construction and maintenance of Barney's Run bridge violates any provision of ch. 31. Sec. 31.25, provides:

"**Nuisances, abatements.** Every dam, bridge or other obstruction constructed or maintained in or over any navigable waters of this state *in violation of this chapter,* and every dam not furnished with a slide, chute or other equipment prescribed by the department, is hereby declared to be a public nuisance, and the construction thereof may be enjoined and the maintenance thereof may be abated by action at the suit of the state or any citizen thereof." (Emphasis added.)

The remedy provided in sec. 31.25 is expressly limited to violations of ch. 31. Prior to a 1959 amendment,[1] sec. 31.25, in part, provided ". . . in violation of the provisions of this chapter or of chapter 30, . . ." The provision relating to ch. 30 was deleted by the amendment and subsequently covered by sec. 30.15. The legislature thus limited, rather than expanded, the remedy provided in sec. 31.25. The remedy provided by sec. 31.25 applies only to violations of the provisions of ch. 31 and excludes violations of other chapters or common law. The issue, therefore, is whether the bridge as maintained by the city violates any provision of ch. 31.

The complaint specifically alleges and the plaintiff argued in the trial court that the bridge was in violation of sec. 31.23 (3) (b), Stats., in that the city had failed to obtain a permit as provided therein. The trial court held sec. 31.23 (3) (b) inapplicable in that it relates solely to bridges owned by private citizens and not

[1] Laws of 1959, ch. 441.

municipalities. On appeal, plaintiff abandoned this argument and does not contend that this section is applicable to the city.

Although it is not clear that the plaintiff raised the issue in the trial court, plaintiff now contends that the city violated sec. 31.23 (1), Stats. Sec. 31.23 (1), provides:

"**Forfeitures; private bridges and dams.** (1) Every person who constructs or maintains in navigable waters or aids in the construction or maintenance therein of *any bridge or dam not authorized by law,* shall forfeit for each such offense, and for each day that the free navigation of such waters are obstructed by such bridge or dam a sum not exceeding $50." (Emphasis added.)

Plaintiff argues that the words, "not authorized by law," incorporates other statutes and common law into sec. 31.23 (1); that despite the specific mention in the section's title of private bridges and dams, sec. 31.23 (1) applies to municipal bridges; and that, if the bridge owned by the city is "not authorized by law," as provided in sec. 31.23 (1), the maintenance of the bridge is in violation of a provision of ch. 31 and abatable under sec. 31.25.

If we were to construe the phrase, "not authorized by law," as used in sec. 31.23 (1), Stats., to include statutes outside ch. 31 and the common law, we would be giving a most liberal construction to a penal statute. This court has stated that penal statutes are to be strictly construed.[2]

However, in the instant case, we do not consider it necessary to decide the meaning of the phrase, "not authorized by law," or the scope of sec. 31.23 (1), Stats. Sec. 31.23 (1) is a forfeiture statute providing for liquidated damages to be paid to the state upon a finding

---

[2] *Rische Construction Co. v. May* (1961), 15 Wis. 2d 123, 112 N. W. 2d 165; *Walter W. Oeflein, Inc. v. State* (1922), 177 Wis. 394, 188 N. W. 633.

of the requisite facts. If the city fits within the provisions of this statute, in that it is maintaining a bridge "not authorized by law," as argued by the plaintiff, the remedy provided is limited to that prescribed in the forfeiture section. Sec. 31.23 (1) provides no substantive rule or law for which a violation thereof would initiate the abatement procedures of sec. 31.25.

Even if we were to assume that the city's bridge constituted an obstruction and hazard to navigation, there is no provision in ch. 31, Stats., that would provide for abatement thereof by a private individual. The instant action having been limited to ch. 31, and there being no provisions in ch. 31 which could grant the plaintiff its requested relief, the trial court correctly determined the dispositive issue of law in granting the city's motion for summary judgment.

Plaintiff argues that if ch. 31, Stats., contains no remedy for the abatement of a municipal bridge alleged to be an obstruction and hazard to the free use of a navigable water, such an interpretation would concede a complete delegation of state's authority over the navigable waters in violation of our constitution and the state's trust of navigable waters. This is not true.

The state holds in trust the public's right to the unobstructed use of navigable waters for both recreational and commercial purposes. *Sweeney v. Chicago, Milwaukee & St. Paul Ry. Co.* (1884), 60 Wis. 60, 18 N. W. 756. Any attempted delegation of power by the legislature involving a complete abdication of the trust, is, therefore, void. *Muench v. Public Service Comm.* (1952), 261 Wis. 492, 53 N. W. 2d 514, 55 N. W. 2d 40. In *Sweeney v. Chicago, Milwaukee & St. Paul Ry. Co., supra,* at pages 67, 68, this court stated:

". . . The right of the citizen to navigate the waters of the Wisconsin river upon such part of it as is in fact useful for navigation, is secured by a higher authority

than the legislature of this state. This right was first secured by article IV of the Ordinance of 1787, . . . This provision of the ordinance was adopted as a part of the constitution of this state in the identical words of the ordinance. See sec. 1, art. IX, Const.

"The navigability of the waters of the Wisconsin river, so far as the same are navigable in fact, is protected not only by the common law of the country, but by an express constitutional provision. There can be no contention, therefore, that the legislature has the power to entirely obstruct the navigation of said river. That the legislature has the power to authorize the building of bridges across the navigable waters of the Wisconsin, notwithstanding the Ordinance, the provisions of our constitution, and the common law, must also be admitted. But that power must be subordinate to the rights of navigation, and bridges so authorized to be constructed and maintained must be so constructed and maintained as not to materially or unnecessarily obstruct such navigation. . . ."

The legislature has delegated to municipalities the power to construct and maintain streets and bridges. However, municipalities are not authorized thereby to construct or maintain bridges that constitute an unnecessary obstruction or hazard to the free use of navigable waters. *Sweeney v. Chicago, Milwaukee & St. Paul Ry. Co., supra; Barnes v. Racine* (1854), 4 Wis. 474 (*454). Legislative authority to construct and maintain a bridge carries no implication of authority to create or maintain a nuisance.[3] The state has authorized only the construction and maintenance of municipal bridges that do not obstruct the navigable waters. Such a delegation does not violate the state's trust of the navigable waters. The state has the power to prohibit the erection of or maintenance of any dam, bridge or other structure within or over any navigable stream which may obstruct

---

[3] *See: Briggson v. Viroqua* (1953), 264 Wis. 47, 60, 58 N. W. 2d 546. Legislative authority to install sewer facilities carries no authority to create or maintain a nuisance.

or impede the free navigation thereof. *Wisconsin River Improvement Co. v. Lyons* (1872), 30 Wis. 61. No final authority has been delegated to the municipalities.

We have previously stated that the trial court dismissed the complaint of the plaintiff "on its merits, with prejudice." We have no doubt that by using this language, the trial court held that the plaintiff could not prevail on the particular grounds set forth in the pleadings in this action, and that the plaintiff was to be foreclosed from bringing another action under ch. 31, Stats. The judgment entered in this case does not preclude the plaintiff from pursuing any other available remedy.

*By the Court.*—Judgment affirmed.