RODNEY ZEMKE, District Attorney Eau Claire County
Your predecessor requested my opinion on the questions raised by the following facts: Eau Claire County wishes to build a road crossing Black Creek, a navigable stream in the Town of Fairchild, Eau Claire County. The crossing would involve either two 30-inch culverts or one 40-inch culvert. District employes of the Wisconsin Department of Natural Resources ("DNR"), charged with issuing or denying permits for bridges under sec 30.12, Stats., advised county representatives that the county did not need a permit for the crossing. Alternative theories for the exemption were expressed: one employe said that a governmental agency doing the work to DNR specifications did not need a permit; his superior said a permit was unnecessary because the structure was in essence a bridge, and DNR had "no permitting authority" over bridges built by a governmental entity.
The Madison office of DNR expressed a different policy: If the crossing involves one or more culverts spanning less than the whole watercourse, the culvert is a "structure" within the meaning of sec. 30.12 and a permit is required. If the culvert spans the entire stream, it is a "bridge over the river," as the term is used in sec. 30.10 (4), and a municipality building such a bridge need not get a permit. Thus, contrary to the district office, the DNR central office would take the position that a permit is required for the crossing in question, if two culverts are used
If the question as to DNR's power to waive permit requirements is answered in the negative, we must also ask whether, and under *Page 92 
what circumstances, culverts and bridges are subject to sec.30.12 (2).
In correspondence after this question arose, the agency indicated that it does not view its interpretation as a waiver and does not seek to assert the power to exempt certain parties from obligations of the statute. Such an assertion would be improper here, as I can find nothing in either the statutes or case law which confers on DNR any power to determine, without further authority and on a case-by-case basis, that individuals who would ordinarily be subject to ch. 30 need not comply with the requirements of the chapter.
Section 30.12, "Structures and deposits in navigable waters prohibited; exceptions; penalty," begins with a general prohibition:
 "Unless a permit has been granted by the department pursuant to statute or the legislature has otherwise authorized structures or deposits in navigable waters, it is unlawful:
 "(a) To deposit any material or to place any structure upon the bed of any navigable water . . ."
Under this language, DNR must decide whether "the legislature has otherwise authorized" placement of structures or deposits in waters.
The term "highway" includes bridges. Sec. 990.01 (12), Stats. In my opinion, there is no legal distinction between bridges built with one culvert or more than one The culverts are as much a part of the highway as are bridges.
The county's authority to build highways is set out at length in ch. 83, Stats. Specifically, sec. 83.025 vests power in the county board to lay out new highways and make changes in already existing ones. Sec. 83.015 (2) vests power in the county highway committee to make the "necessary arrangements for the proper prosecution of the construction and maintenance of highways provided for by the county board . . ."
Reading these sections in conjunction with sec. 30.12 (1), prohibiting structures in navigable waters unless ". . . the legislature has otherwise authorized," it appears that ch. 83 furnishes such legislative authority for highway-related structures. *Page 93 
Section 30.12 (2) further supports this conclusion. The relevant portion reads:
 "The department may . . . grant to any riparian owner a permit to build or maintain for his own use a structure otherwise prohibited by statute . . ." (Emphasis added.)
The county is not engaged in constructing the bridge and its supporting structures "for (its) own use," but is rather performing the governmental function of providing a highway system. The same subsection indicates that the department's permit power applies to private structures "otherwise prohibited by statute." By contrast, county highways are required and authorized by statute, and thus would not fall into the permit requirement.
Paragraphs (2) and (4) of sec. 30.10, Stats., read together, likewise suggest a legislative intent to exempt municipalities from DNR regulation of bridges. While sub. (2) declares that ". . . no dam, bridge or other obstruction shall be made in or over (navigable waters) without the permission of the state, " sub. (4) provides, "This section does not impair the powers granted by law to municipalities to construct bridges over streams." "Municipality" is specifically defined in that chapter to include counties. Sec. 30.01 (1), Stats.
I note further that the legislature made explicit provision to regulate municipal dams under the extensive guidelines of sec.31.38. A similar provision for municipal bridges is conspicuously absent.
Section 84.11 (7), Stats., lists certain types of bridges over which the DNR expressly has some measure of supervision; however, these types do not include the county highway bridges contemplated in your situation by Eau Claire County. If sec.30.12 did require a permit for every bridge, the portion of sec.84.11 giving regulatory authority to DNR as to limited classes ofbridges would be superfluous.
In concluding that municipalities may build bridges, in performance of their highway-building obligations, without DNR approval under sec. 30.12 (2), I am well aware of the importance this state has always placed on preservation of its navigable waters. Any attempted delegation of power by the legislature involving a complete abdication of the trust is void. See for example Muench *Page 94 v. Public Service Comm. (1952), 261 Wis. 492, aff'd. on rehearing, 261 Wis. 515a, 55 N.W.2d 40, in which the court stressed the state-wide importance of preserving navigable waters.
I am also aware that the legislature's delegation to the counties, as I have defined it supra, is a delegation permitting localities to impair the trust, rather than further it, under the analysis used in Menzer v. Elkhart Lake (1970), 51 Wis.2d 70,83, 186 N.W.2d 290. However, the court has recently pointed out that the delegation of authority to build streets and municipal bridges carries an implied prohibition against bridges ". . . that constitute an unnecessary obstruction or hazard to the free use of navigable waters." Capt. Soma Boat Line, Inc. v. WisconsinDells (1972), 56 Wis.2d 838, 847, 203 N.W.2d 369. The court elaborated:
 "Legislative authority to construct and maintain a bridge carries no implication of authority to create or maintain a nuisance. (Footnote omitted.) The state has authorized only the construction and maintenance of municipal bridges that do not obstruct navigable waters. Such a delegation does not violate the state's trust of the navigable waters."
The legislature may eventually find it desirable to spell out in more detail the limits of its delegation to municipalities in this area. Until such time, municipal officials must exercise their own best judgment to assure that bridges they authorize and build are not unnecessary obstructions or hazards to navigation
For all of the foregoing reasons, it is my opinion that sec.30.12 (2) governs only private construction that is otherwise prohibited, not public highway construction authorized by law.
BCL:MVB