416 A.2d 1131

**COMMONWEALTH of Pennsylvania**

v.

**James WILLIAMS, Appellant.**

Superior Court of Pennsylvania.

Argued Oct. 24, 1979.

Filed Dec. 21, 1979.

Alexander Hemphill, Philadelphia, for appellant.

Ellen Mattleman, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before CERCONE, President Judge, and ROBERTS and LIPEZ, JJ.*

PER CURIAM:

On March 8, 1978, a court sitting without jury convicted appellant of murder of the third degree. After denying post-verdict motions, the court sentenced appellant to a term of imprisonment of 10 to 20 years. Appellant contends that

* Justice Samuel J. Roberts of the Supreme Court of Pennsylvania, is sitting by designation.

(1) the evidence is not sufficient to prove malice beyond a reasonable doubt; (2) a statement he gave police after arrest should have been suppressed; and (3) his arrest was unlawfully without warrant. We affirm.

Appellant was sitting on his porch when a female neighbor, a casual acquaintance, dropped over one evening. Appellant's brother, intoxicated, stepped out onto the porch from inside the house, placed his arm around the neighbor and said, "It's a free country, and I don't have to pay him no attention." Appellant went up to his room, thought about the incident for a few minutes, returned with a baseball bat and struck his brother twice on the head. This evidence is sufficient to prove beyond a reasonable doubt that appellant acted out of malice, see *Commonwealth v. Hinchcliffe*, 479 Pa. 551, 388 A.2d 1068 (1978) (use of deadly weapon on vital part of body justified finding of guilty of murder of third degree) and not under provocation sufficient to cause a reasonable man to act in the heat of passion. See *Commonwealth v. Whitfield*, 475 Pa. 297, 380 A.2d 362 (1977). Appellant argues that, because of a leg injury, he is more readily provoked than others. This fact, if true, is irrelevant. The legal test for provocation is an objective one, not dependent upon the peculiarities of any defendant. *Commonwealth v. Miller*, 473 Pa. 398, 374 A.2d 1273 (1977).

Appellant asserts that a statement he gave police after arrest should have been suppressed. The Commonwealth, however, did not introduce the statement at trial. Thus, it is unnecessary to determine whether the statement should have been suppressed. See *Commonwealth v. McDonald*, 459 Pa. 17, 326 A.2d 324 (1974); *Commonwealth v. Sheperd*, 269 Pa.Super. 291, 409 A.2d 894 (1979).

Finally, appellant contends that his arrest was unlawfully without warrant. Appellant did not specifically raise this issue either in his suppression motion or in post-verdict motions and the post-verdict court did not consider the issue. Thus, the claim is not preserved for review. See *Commonwealth v. Carrillo*, 483 Pa. 215, 395 A.2d 570 (1978) (post-ver-

dict); *Commonwealth v. Sherard*, 483 Pa. 183, 394 A.2d 971 (1978) (pretrial).

Judgment of sentence affirmed.