Melvin D. NELSON, Plaintiff-Appellant and
Cross-Respondent,

v.

UNION NATIONAL BANK and Keith R. Olson,
Defendants-Respondents and Cross-Appellants.†

Court of Appeals

*No. 82–286. Submitted on briefs August 24, 1982.—
Decided January 18, 1983.*
(Also reported in 330 N.W.2d 225.)

For the appellant and cross-respondent the cause was
submitted on the briefs of *Santini, Jacobs, McDonald &
Silc, P.C.,* and *Michael F. Fauerbach* of Ashland.

For the respondents and cross-appellants the cause

† Petition to review denied.

was submitted on the brief of *Wartman, Wartman & Dallenbach, S.C.,* and *David G. Wartman* of Ashland.

Before Foley, P.J., Dean and Cane, JJ.

FOLEY, P.J. Melvin D. Nelson appeals from a judgment awarding him only a portion of the penalties he sought from the Union National Bank and its employee, Keith R. Olson, for the bank's claimed violation of sec. 425.206(1), Stats.[1] The bank cross-appeals for dismissal of Nelson's complaint. Because we conclude that the bank did not violate sec. 425.206(1), we reverse the judgment and remand this matter to the trial court with directions to dismiss Nelson's complaint.[2]

---

[1] 425.206 Nonjudicial enforcement limited. (1) Notwithstanding any other provision of law, no merchant may take possession of collateral or goods subject to a consumer lease in this state by means other than legal process in accordance with this subchapter except when:

(a) The customer has surrendered the collateral or leased goods;

(b) Judgment for the merchant has been entered in a proceeding for recovery of collateral or leased goods under s. 425.205, or for possession of the collateral or leased goods under s. 425.203 (2);

(c) The merchant has taken possession of collateral or leased goods pursuant to s. 425.207(2); or

(d) The merchant has taken possession of collateral in accordance with s. 425.114.

(2) In taking possession of collateral or leased goods, no merchant may a) commit a breach of the peace, or b) enter a dwelling used by the customer as a residence except at the voluntary request of a customer.

(3) A violation of this section is subject to s. 425.305.

[2] Because we conclude that the bank did not violate § 425.206(1), we do not need to decide whether Nelson's life insurance policy was collateral within the meaning of the Consumer Act, chs. 421 through 428, Stats. *See* §§ 425.202, 421.301(21), 409.105(1)(h) and (i), Stats.

Section 425.206(1) restricts a bank's[3] right to take possession of collateral securing its loans and penalizes a bank's violation of the statute.[4] The interpretation of sec. 425.206(1) is a question of law. *See Central National Bank v. Dustin*, 107 Wis. 2d 614, 617, 321 N.W.2d 321, 322 (Ct. App. 1982). An appellate court must independently decide a question of law without deference to the trial court's conclusion. *First National Leasing Corp. v. City of Madison*, 81 Wis. 2d 205, 208, 260 N.W.2d 251, 253 (1977). Since a violation of sec. 425.206(1) results in exemplary damages, we will not extend the application of the statute by implication. *See Rische Construction Co. v. May*, 15 Wis. 2d 123, 127, 112 N.W.2d 165, 168 (1961).

The parties do not dispute the relevant facts. Nelson pledged his truck and assigned his life insurance policy to the bank as security for a loan. The assignment required the bank to notify Nelson before it surrendered his policy to the insurance company for its cash value. When Nelson failed to make his required loan payments, the bank cashed the policy without notifying Nelson. Nelson's truck was subsequently stolen, and his insurer sent him a check for the truck's value. When Nelson turned this check over to the bank, he asked the bank to return his life insurance policy. The bank then told him that it had cashed his policy.

The bank did not violate sec. 425.206(1) by cashing Nelson's life insurance policy. The statute prohibits an

---

[3] A bank is a merchant within the meaning of § 425.206. *See* § 421.301(25), Stats.

[4] 425.305 Transactions which are void. (1) In a transaction to which this section applies, the customer shall be entitled to retain the goods, services or money received pursuant to the transaction without obligation to pay any amount.

(2) In addition, the customer shall be entitled to recover any sums paid to the merchant pursuant to the transaction.

improper taking. The bank's cashing of Nelson's policy was not a taking, it was a conversion. *See Wheeler v. Pereles,* 43 Wis. 332, 336 (1877). If the legislature had wanted to penalize an improper conversion as well as an improper taking, it could have expressed this intent.

Additionally, there is no reason to expansively interpret sec. 425.206(1) to include a creditor's conversion of collateral. The purpose of sec. 425.206(1) is to prohibit self-help repossession. *See* Barrett and Jones, *Wisconsin Consumer Act—A Freak Out?,* 57 Marq. L. Rev. 483, 500 (1974) ; Heiser, *Wisconsin Consumer Act—A Critical Analysis,* 57 Marq. L. Rev. 389, 460 (1974) ; Whitford and Laufer, *The Impact of Denying Self-Help Repossession of Automobiles: A Case Study of The Wisconsin Consumer Act,* 1975 Wis. L. Rev. 607, 612. Conversion of possessed property does not involve any of the perceived evils associated with self-help repossession.[5]

The bank also did not violate sec. 425.206(1) when it accepted Nelson's truck insurance check. By Nelson's agreement with the bank, the bank was entitled to the check. The check was not collateral within the meaning of the Consumer Act. *See* secs. 425.202, 421.301(21), 409.105(1)(h) and (i), Stats. Its acceptance was not a prohibited self-help repossession of collateral.

*By the Court.*—Judgment reversed and cause remanded with directions.

CANE, J. (concurring). I would hold that the insurance policy is not "collateral" within the meaning of sec. 425.206, Stats. Collateral is defined in sec. 425.202, Stats.,

---

[5] Problems associated with self-help repossession are discussed in Whitford and Laufer, *The Impact of Denying Self-Help Repossession of Automobiles: A Case Study of The Wisconsin Consumer Act,* 1975 Wis. L. Rev. 607, and White, *The Abolition of Self-Help Repossession: The Poor Pay Even More,* 1973 Wis. L. Rev. 503.

as *"goods subject to a security interest* in favor of a merchant which secures a customer's obligations under a consumer credit transaction." [Emphasis supplied.] The term "goods" when used in the area of secured transactions "includes all things which are movable at the time the security interest attaches or which are fixtures . . . , but does not include money, documents, instruments, accounts, chattel paper . . . ." Section 409.-105, Stats. Although I do not approve of the bank's unauthorized surrender of the insurance policy, Nelson's remedy is not under sec. 425.206, Stats.