STATE of Wisconsin, Plaintiff-Respondent,

v.

Bernard A. HEISLER, Defendant-Appellant.

Court of Appeals

*No. 83–570–CR. Submitted on briefs August 15, 1983.—*
*Decided November 8, 1983.*
(Also reported in —— N.W.2d ——.)

For the appellant the cause was submitted on the briefs of *Glenn L. Cushing,* assistant state public defender.

For the respondent the cause was submitted by *Bronson C. La Follette,* attorney general, and *Thomas J. Balistreri,* assistant attorney general.

Before Foley, P.J., Dean and Cane, JJ.

DEAN, J.   Bernard Heisler appeals from a judgment of conviction for second-degree murder, sec. 940.02(1), Stats., and an order denying his motion for post-conviction relief. He argues that the trial court's jury instructions impermissibly relieved the state of its burden of disproving beyond a reasonable doubt the existence of heat of passion upon adequate provocation, and that the trial court improperly excluded expert testimony that would have supported his manslaughter/heat-of-passion defense.[1]  Because we conclude that Heisler could not have introduced sufficient evidence to raise a reasonable doubt as to the existence of heat of passion upon adequate provocation, we affirm the judgment and order.

On September 25, 1981, Heisler and his girlfriend, Doreen Jacquist, left Chicago and drove to a trailer in Shawano County. They drank, smoked marijuana, and consumed a large quantity of amphetamines throughout their trip. They continued to take amphetamines after they arrived at the trailer. At some point after arriving, they argued and Heisler hit Jacquist, blackening her eye. They eventually reconciled and went to bed together. Sometime later, Jacquist got up, took a wooden dowel and hit Heisler in the head while he lay in bed. The blow loosened his teeth and split his lip. Heisler took the

---

[1] Section 940.05(1), Stats., provides:

Whoever causes the death of another human being under any of the following circumstances is guilty of a Class C felony:

(1) Without intent to kill and while in the heat of passion;

. . . .

dowel and "went berserk," beating Jacquist with it. She eventually died from the blows.

Heisler was charged with second-degree murder. He attempted to present a defense of heat of passion upon adequate provocation to reduce the offense to manslaughter. He offered the testimony of Dr. Leigh Roberts, a psychiatrist, as an expert witness. In an offer of proof, Heisler showed that Dr. Roberts would have testified that (1) to a reasonable degree of medical certainty, Heisler's drug consumption resulted in his heightened stimulation and impaired judgment; (2) as a result of the drug consumption, Heisler did not demonstrate utter lack of concern for Jacquist's life and safety; and (3) to a reasonable degree of medical certainty, the circumstances faced by Heisler, considering his state of intoxication, would have been sufficient provocation to overcome the judgment of a reasonable, ordinary person. The trial court excluded Dr. Roberts' testimony.

The trial court submitted jury instructions on second-degree murder and manslaughter/heat of passion. The instructions did not specifically tell the jury that the prosecution had to disprove beyond a reasonable doubt the existence of heat of passion before the jury could find Heisler guilty of second-degree murder. The jury returned a verdict of guilty of second-degree murder.

The issues Heisler presents on appeal are questions of law. This court will decide these questions independently. See *Nelson v. Union National Bank,* 111 Wis. 2d 313, 315, 330 N.W.2d 225, 226–27 (Ct. App. 1983).

Before addressing the specific issues Heisler raises, we must decide whether Heisler presented sufficient evidence to raise a heat-of-passion defense and warrant a jury instruction on manslaughter/heat of passion. If he introduced or, with Dr. Roberts' testimony, would have introduced sufficient evidence to raise the issue of manslaughter/heat of passion (a burden of production), he

was entitled to the jury instruction and the state then had to disprove, beyond a reasonable doubt, the existence of heat of passion. *See State v. Poth,* 108 Wis. 2d 17, 21, 321 N.W.2d 115, 118 (1982). If he did not present sufficient evidence, he was entitled to neither a manslaughter instruction nor an instruction that the state had to disprove the existence of heat of passion before he could be found guilty of second-degree murder.

The heat-of-passion defense consists of both objective and subjective facets, and Heisler had to meet the burden of production on both facets. *See State v. Lee,* 108 Wis. 2d 1, 12, 321 N.W.2d 108, 113 (1982). The objective test required a showing that sufficient provocation existed to cause an ordinary, reasonable person to be overcome by the highest degree of exasperation, rage, anger, sudden resentment, or terror. *See Johnson v. State,* 129 Wis. 146, 159, 108 N.W. 55, 69 (1906) ; *State v. Lee,* 108 Wis. 2d at 12, 321 N.W.2d at 113. The subjective test required a showing that the provocation actually caused this reaction in Heisler. *See id.*

Heisler presented sufficient evidence to meet the production burden on the subjective test. On the objective test, he offered Dr. Roberts' testimony as his sole evidence. Dr. Roberts offered to testify that an ordinary, reasonable person, in circumstances similar to those faced by Heisler and under the influence of the intoxicants Heisler had taken, would have been provoked into a heat of passion and attacked Jacquist. We must decide, however, whether the objective test looks at a reasonable person under the influence of intoxicants or looks at a reasonable, sober person.[2]

---

[2] Drug and alcohol intoxication are both considered under the defense of intoxication. *See Loveday v. State,* 74 Wis. 2d 503, 509, 247 N.W.2d 116, 120 (1976).

Voluntary intoxication as a defense is nearly universally rejected. *See Annot.* 8 A.L.R.3d 1236 (1966). While Wisconsin generally rejects voluntary intoxication as a defense,[3] *see* sec. 939.42(1), Stats., our supreme court has recognized the existence of a heat-of-passion, stimulated by intoxication, defense to a first-degree murder charge. *See Hempton v. State,* 111 Wis. 127, 142, 86 N.W. 596, 601 (1901); *Lee v. State,* 65 Wis. 2d 648 n. 6, 223 N.W.2d 455, 458 n. 6 (1974).[4] Since a heat-of-passion defense can be used to reduce second-degree murder to manslaughter, *see Poth,* 108 Wis. 2d at 19–20, 321 N.W. 2d at 117, we conclude that a heat-of-passion, stimulated by intoxication, defense can also be used to reduce second-degree murder to manslaughter.[5]

The supreme court, however, has never made it clear whether the circumstances of voluntary intoxication are

---

[3] Voluntary intoxication is a defense when the degree of intoxication negates the existence of a state of mind essential to the crime charged. Section 939.42(2), Stats. The existence of a particular state of mind, however, is not an element of second-degree murder. *State v. Bernal,* 111 Wis. 2d 280, 283, 330 N.W.2d 219, 221 (Ct. App. 1983).

[4] The *Hempton* and *Lee* cases involved defendants who were voluntarily intoxicated.

[5] The heat-of-passion, stimulated by intoxication, defense need not be limited only to first-degree murder charges. In *Lee v. State,* 65 Wis. 2d 648, 223 N.W.2d 455 (1974), the court distinguished between a defendant stupefied by intoxication and one stimulated by intoxication. Intoxication in the former is a defense that negates the element of intent required for first-degree murder. *Id.* at 654, 223 N.W.2d at 458. Intoxication in the latter stimulates heat of passion, and it is the heat of passion that negates the intent to kill. *Id.; State v. Lee,* 108 Wis. 2d 1, 11–12, 321 N.W.2d 108, 113. Since heat of passion can be raised to reduce second-degree murder to manslaughter (even though it negates no element of intent) then heat of passion, stimulated by intoxication, should also be available to reduce second-degree murder to manslaughter.

applied to both the objective and subjective tests, or to only the subjective test, when the heat-of-passion, stimulated by intoxication, defense is raised. Other jurisdictions that apply an objective test similar to Wisconsin's hold that the circumstances that provoked the defendant must be sufficient to provoke a reasonable, sober person to act in the heat of passion. *See Bishop v. United States,* 107 F.2d 297, 303 (D.C. Cir. 1939); *Commonwealth v. Williams,* 416 A.2d 1131, 1132 (Pa. 1979); *Brine v. State,* 264 A.2d 530, 534 (Me. 1970). These jurisdictions, however, do not consider voluntary intoxication as a defense unless it negates an element of intent. Iowa, which allows juries to consider voluntary intoxication when deciding whether a defendant killed in the heat of passion brought on by provocation, permits intoxication to be viewed only for its subjective effect on the defendant. *State v. Hall,* 214 N.W.2d 205, 210 (Iowa 1974). Iowa's objective test looks at a sober person under similar provocation. *Id.*

We agree with Iowa's approach and conclude that when a heat-of-passion, stimulated by intoxication, defense is raised, voluntary intoxication is considered only for its subjective effect on the defendant. The objective test looks at the reasonable, sober person under similar provocation. This interpretation limits the degree to which a voluntarily intoxicated defendant can exempt himself from the legal responsibilities he would face if he were sober and is consistent with the general refusal to recognize voluntary intoxication as a defense to homicide.[6]

---

[6] We distinguish this situation from that in *State v. Hoyt,* 21 Wis. 2d 284, 128 N.W.2d 645 (1964), because here we are dealing with a defendant who was intoxicated by choice. The defendant in *Hoyt,* a battered wife, did not choose her circumstances in the same sense that Heisler chose to become intoxicated. We also note that we are not addressing the issues raised

We therefore hold that Heisler could not have introduced sufficient evidence on the objective facet to raise the heat-of-passion issue. A reasonable, sober person facing similar provocation would not have been sufficiently provoked to kill Jacquist. Being struck in the face with a dowel, as Heisler was, is not adequate provocation to suspend the exercise of judgment of an ordinary, sober person, notwithstanding the other events that occurred the day of Jacquist's death. Since Heisler did not meet the production burden on the heat-of-passion issue, any error the trial court made in instructing the jury on heat of passion as a defense to the second-degree murder charge was harmless. He also was not entitled to a manslaughter instruction, and any error the trial court made in giving those instructions was harmless.

The trial court properly excluded Dr. Roberts' testimony regarding the effect of similar drug use on an ordinary person. That testimony was irrelevant to the objective facet of the heat-of-passion defense. *See Milenkovic v. State*, 86 Wis. 2d 272, 283, 272 N.W.2d 320, 326 (Ct. App. 1978). The exclusion of the balance of Dr. Roberts' testimony is rendered harmless by our holding that Heisler did not meet the production burden for a heat-of-passion defense.

*By the Court.*—Judgment and order affirmed.

in *State v. Repp*, No. 83–531–CR, slip op. (Wis. Ct. App. Dec. 27, 1983).