James MURTHA, Plaintiff-Respondent,

v.

Roger KRAMER, Defendant-Appellant.

Court of Appeals

*No. 83–1143. Submitted on briefs January 31, 1984.—
Decided March 6, 1984.*
(Also reported in 349 N.W.2d 89.)

For the appellant the cause was submitted on the brief of *T. Christopher Kelly* of Madison.

For the respondent the cause was submitted on the brief of *Carl E. Gulbrandsen, Denis P. Bartell* and *Ross & Stevens, S.C.,* of Madison.

Before Foley, P.J., Dean and Cane, JJ.

DEAN J.  Roger Kramer appeals an order denying his motion for declaratory relief and discharge of a judgment lien and granting James Murtha's motion for an order directing payment of the judgment.[1] Payment is to be made from a trust account containing the proceeds from the sale of a home jointly owned by Kramer and his ex-wife.[2] Kramer claims a homestead exemption under sec. 815.20(1), Stats., for his share of the proceeds obtained from the sale of the home.  The trial court's order applies only $12,500, half of the homestead exemption, toward Kramer's share of the homestead proceeds, approximately $16,000.  Kramer contends that the judgment lien should encumber only his one-half interest in the homestead proceeds and that he is entitled to apply the entire $25,000 homestead credit toward his share of the homestead proceeds.  Because Murtha concedes that the lien should encumber only Kramer's one-half interest in the proceeds, the order is modified to make the lien encumber only Roger Kramer's interest in the proceeds.  Because there was no agreement between Kramer and his ex-wife regarding the homestead exemption, the order, as modified, is affirmed.

---

[1] Kramer owed $4,066.18 on the judgment.

[2] The home was sold and, as required by the divorce decree, the proceeds were divided equally between Kramer and his ex-wife. The proceeds, however, were held in escrow pending the resolution of Murtha's action.

The division of the homestead exemption is controlled by sec. 815.20(1), Stats. Interpretation of a statute is a question of law that we independently decide. *Nelson v. Union National Bank,* 111 Wis. 2d 313, 315, 330 N.W.2d 225, 226–27 (Ct. App. 1983). The statute provides for a maximum homestead exemption of $25,000 and reads in part:

In the event the husband and wife fail to agree on the division of exemption, the exemption shall be divided between them by the court in which the first judgment was taken.

This portion of the statute has not previously been interpreted. It can, however, be interpreted by looking at the plain and ordinary meaning of its language. *See State v. Tollefson,* 85 Wis. 2d 162, 171, 270 N.W.2d 201, 205 (1978). It says the court must divide the exemption when the husband and wife fail to agree. When the court has no evidence that a husband and wife agree on the division of the exemption, it must treat that as a failure to agree and must protect each party's right to the exemption by dividing it between them. Since the trial court had no evidence that Kramer's wife agreed to his claiming the entire exemption,[3] it properly protected her right to a share of the exemption and allowed Kramer only half of the exemption.

*By the Court.*—Order modified so the lien encumbers only Roger Kramer's one-half interest in the proceeds, and, as modified, affirmed.

---

[3] Kramer submitted an affidavit from his wife on March 10, 1983, after the hearing was held on his motion. The trial court found that the affidavit was filed after the fact and did not consider it in ruling on the motion. Since we are limited to a review of only the evidence before the trial court, we also do not consider this untimely affidavit.